JAMES EDDIE AND WIFE, Plaintiffs in Error, v. GREENE PARKE'S EXECUTOR, Defendant in Error.

1. In a suit, under the statute of Wills, to set aside or establish a will, all parties interested in the estate of the deceased must be made parties either as plaintiffs or defendants.
2. Where the heirs-at-law brought suit to set aside the probate of a will without making the devisees parties, *held,* that a demurrer by the executor for defect of parties was well taken.

*Error to St. Louis Circuit Court.*

The facts of the case are stated in the opinion of the court.

*Ed. Bates,* for plaintiffs in error.

I. The proceeding to set aside a will formally probated is not an action brought by one party against another, nor is it instituted under the present Practice Act.

II. If the devisees are necessary parties because they take an interest under the will, then in case of a suit to probate a will all the heirs-at-law must be made parties defendant, because the will would affect their inheritance. But the law is not so and never was. (R. C. 1855, Wills, § 14, 16, 30.)

III. This proceeding of the circuit court is but the exercise of its superintending control over the probate court, which may be, but need not necessarily be, by appeal, but may be in any one of a variety of legal ways. (Dickey v. Malcchi, 6 Mo. 182; Graham v. O'Fallon, Exec'r of Mullanphy, 4 Mo. 338; Harvey & wife v. Chouteau, Exec'r of Destrehan, 14 Mo. 587; Armstrong v. Farrar, 8 Mo. 627; Story Eq. Pl. p. 145, § 150.)

*A. J. P. Garesché,* for defendant in error.

I. All parties interested in the subject matter of the suit

must be joined. (R. C. p. 1218, Practice, art. 2, § 3, 4, 5; art. 11, § 27, p. 1276. Rush v. Rush, 19 Mo. 441; Farrell's Adm'r v. Brennan, 25 Mo. 93; Taylor v. Wilburn, 20 Mo. 306; Tibbats v. Berry, 10 B. Mon. 473.)

II. If the adverse parties be not brought in, the judgment would be void. (Ross v. Strong, 7 Mo. 465.)

BAY, Judge, delivered the opinion of the court.

James Eddie and Elizabeth his wife filed in the circuit court of St. Louis county, at the February term, 1858, a petition to contest the validity of the will of Greene Parke, who died in October, 1857.

The petition avers that said Parke left no widow, and no descendants except the said Elizabeth and her two infant children; that by said will he gave to said Elizabeth a legacy of fifty dollars, and gave the residue of his estate, consisting of personal and real property, of the value of from three to six thousand dollars, to his grand-children, the children of said Elizabeth. The petitioners seek to set aside the will upon the ground that, at the time of the making thereof, the testator was not of sound and disposing mind. The petition was brought under the statute relating to wills, which provides " that if any person entrusted in the probate of any will shall appear within five years after the probate or rejection thereof, and by petition to the circuit court of the county contest the validity of the will, or pray to have a will proved which has been rejected, an issue shall be made up, whether the writing produced be the will of the testator or not; which shall be tried by a jury, or, if neither party require a jury, by the court."

It is also provided that the verdict of the jury, or the finding and judgment of the court, shall be final, saving to the court the right of granting a new trial, as in other cases, and to either party an appeal in matters of law to the supreme court.

It appears from the record that neither the executor or devisees under the will were made parties in the petition;

but the executor entered his appearance, and was made a party defendant. The defendant then demurred to the petition upon the ground that the devisees under the will were not made parties to the suit. The court below sustained the demurrer, and this is assigned as error.

Although this is technically a proceeding at law, yet in many respects it partakes of the nature of a proceeding in chancery; and the rules recognized in courts of equity, with respect to the persons necessary to be made parties to a bill, we think, is to a great extent applicable to a case of this kind. The general rule in equity is that all persons should be made parties to a bill who are materially interested, either legally or beneficially, in the subject matter of the suit. The general rule at law is more restricted, confining it to such as have a direct and immediate interest. Story, in his Commentaries on Equity Pleadings, p. 74, refers to this rule as necessary to enable the court to make a complete decree between the parties and prevent future litigation, by taking away the necessity of a multiplicity of suits, and to make it certain that no injustice is done either to the parties before it or to others who are interested in the subject matter, by a decree which might otherwise be grounded upon a partial view only of the real merits.

The Supreme Court of the United States, in Harding v. Handy, 11 Wheat. 103, held, that in a suit in equity, brought by heirs-at-law to set aside a conveyance obtained from their ancestor by fraud and imposition, a final decree for the sale of the property can not be pronounced until all the heirs are brought before the court as parties, if they are within the jurisdiction of the court. Story, in his work above referred to, holds that if a bill is brought by the heirs of a vendor against the vendee for a specific performance of a contract for the purchase of lands, all the heirs of the vendor ought to be made parties either as plaintiffs or defendants.

In the case under consideration, the only parties interested in the estate are the children of James and Elizabeth Eddie; yet neither of them are made parties to the proceeding,

though the very object of the suit is to divest them of the property devised to them by their grandfather. No decree or judgment under such circumstances could have any force or effect, for a judgment is only operative against those who are made parties to the suit. The demurrer was well taken.

The judgment will be affirmed; the other judges concurring.