ACHOR, Respondent, v. SULLENGER, Appellant.

St. Louis Court of Appeals, April 6, 1909.

1. EXECUTORS AND ADMINISTRATORS: Administrator Pen-·dente Lite: Contest of Will. Under section 13, Revised Statutes 1899, it is proper for the probate court, if the validity of the will is contested, to grant letters of administration during the contest to some person other than the executor of the will.

2. ———: ———: ———: Parties. After an action was instituted to contest the validity of a will, the probate court could appoint an administrator *pendente lite*, although all the parties interested in the estate had not been made parties to the contest proceeding at the time of the appointment, but were afterwards brought in by amendment.

Appeal from Lincoln Circuit Court.—*Hon. Jas. D. Barnett,* Judge.

AFFIRMED.

*Chas. Martin* for appellant.

*R. L. Sutton* for respondent.

GOODE, J.—This is an appeal from a judgment of the circuit court of Lincoln county in a proceeding appointing an administrator *pendente lite* to act in lieu of appellant, who is executrix of the will of Jefferson Sullenger, her deceased husband.   Said deceased had bequeathed to appellant all his personal estate, had directed his lands to be sold by her, out of the proceeds of the sale had bequeathed to James Wicher five hundred dollars and had divided the remainder of the proceeds between appellant and the brother of deceased, James Sullenger. The will was admitted to probate July 18, 1904.   On September 21, 1904, respondent Hooker Achor, instituted an action in the circuit court of the county against appellant and the other legatees named in the will, alleging he was one of the heirs of deceased, that the paper purporting to be the will of the deceased was not, in truth, his will for these reasons: it was not signed and attested as the law required, the testator was of unsound mind at the date of it, was unduly influenced by appellant and James Sullenger, and being weak from disease was taken advantage of by said parties.   The action in the circuit court was under the statute to contest and set aside the will.   On the next day, September 22, notice was served on appellant that respondent Achor would present a motion to the probate court on September 23 to suspend her from the office of executrix pending the contest of the will. This motion was presented and on the hearing appellant's functions as executrix were suspended during the con-

test and William S. Bragg was appointed administrator of the estate during said period.    An appeal was taken from the order to the circuit court where, on a hearing, the same result was reached.    An appeal was then taken to the Supreme Court, whence it was transferred to this court.   Since the judgment below the will of Jefferson Sullenger as originally probated, has been established by a judgment of the Supreme Court and we suppose appellant will resume her functions and the estate be turned over to her by the special administrator.    [RoBards v. Lamb, 89 Mo. 303.]    Be that as it may, her temporary suspension was proper.    The statutes say if the validity of a will is contested, letters of administration shall be granted during the time of the contest to some other person than the executor, the other person shall take charge of the property, administer the same according to law and under the direction of the court, and account for, deliver and pay all the money of the estate to the regular executor of the estate when qualified to act.    [R. S. 1899, sec. 13.]    The right to displace appellant is not denied, but it is contended the appointment of Bragg was premature because when it was made, all the parties interested in the estate had not been made parties defendant to the action instituted in the circuit court to contest the will.    The original petition in the said action named as defendants only the three persons who were legatees, instead of all the heirs of Jefferson Sullenger, deceased, and this was the posture of the cause when Bragg was appointed by the probate court.   Shortly afterwards in October, 1904, an amended petition was filed in the case in the circuit court in which all the heirs were made parties and process issued for them.   The position of appellant's counsel is that there was no contest until all the heirs were parties, and the probate court could not appoint an administrator in lieu of appellant because the power to do so was only conferred in case there was a contest. This is a strained and technical view of the matter and

devoid of importance in the present case. It is true all the parties interested in an estate are, perhaps, necessary parties to an action to contest a will (Eddie v. Parkes' Admr., 31 Mo. 513) but it does not follow that until every person interested is made a party to the action, there is no contest in such sense that an order of the probate court substituting an administrator *pendente lite* in lieu of the executor or executrix will be erroneous. There may have been some irregularities in the procedure, but, the circumstances considered, the action of the probate court was substantially right, and as no error prejudicial to appellant occurred, the judgment will be affirmed. All concur.