Henry **COOL**, Plaintiff-Appellant,

v.

Anny **REED**, Defendant-Respondent.

No. 50067.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 11, 1986.

Motion for Rehearing and/or Transfer
Denied April 15, 1986.

Application to Transfer Denied
June 17, 1986.

John L. Sullivan, St. Louis, for plaintiff-appellant.

Allen J. Bloom, St. Louis, for defendant-respondent.

KAROHL, Presiding Judge.

Plaintiff, Henry Cool, filed a will contest involving the will of his deceased sister, Alyce Michelson. Alyce died on March 24, 1983. The will names defendant, Anny Reed, as the sole beneficiary and personal representative of the estate. The will describes Anny Reed as a sister, although she was the deceased's half-sister. Alyce Michelson had two siblings through both of her parents, Henry Cool, a brother, and Dorothy Cool Tsuida, deceased, a full-sister. Dorothy had two children, Mary Volpe, and a daughter known by either the name Ann Jeannie Cool or Jean Crockett. Plaintiff, Henry Cool, filed the will contest and named only Anny Reed as defendant. Neither Mary Volpe nor her sister, Jean Crockett (last known name), were plaintiffs or defendants. The petition alleges only that decedent Alyce Michelson left surviving Anny Reed, her half-sister, and Henry Cool, her brother, as her only heirs-at-law. The trial court sustained defendant's motion to dismiss for lack of jurisdiction filed in one sentence, "Comes now the defendant, Anny Reed, and moves this Honorable Court to dismiss this action for lack of jurisdiction." The dismissal was equally brief, "Defendant's motion to dismiss is sustained. Said cause is dismissed with prejudice." The apparent ground for dismissal was the failure of plaintiff to include Mary Volpe and Jean Crockett as

1. All statutory citations are to Cum.Supp.1984.

parties, and upon a finding of the trial court that they were necessary parties to establish subject matter jurisdiction. Plaintiff appeals on the basis that they were unnecessary parties to establish jurisdiction in the trial court to hear the will contest filed under § 473.083 RSMo Cum. Supp.1984.[1]

For purposes of this appeal the facts are not in dispute, and this appeal presents only a question of law. Did the failure to include decedent's nieces by a predeceased sister divest the court of subject matter jurisdiction where the will made no provision for them but as heirs-at-law they would each have been entitled to an undivided one-sixth interest in the estate?

Some additional facts are relevant. After the death of Alyce Michelson, a will, dated March 7, 1981, was admitted to probate. Anny Reed was appointed the personal representative. She filed an affidavit of heirship in connection with the petition for probate in which she named herself, and plaintiff, Henry Cool, as the sole heirs-at-law. Dorothy Cool Tsuida and her children, nieces of the deceased, were not mentioned in the affidavit of heirship. The will was admitted to probate on April 13, 1983, and Henry Cool filed his contest of the will on July 25, 1983. The court dismissed the petition for lack of jurisdiction on April 1, 1985. On April 30, 1985, Mary Volpe filed a motion to join as a party plaintiff. In the motion, she asserted that she had received no notice of the grant of letters testamentary to Anny Reed, nor of the pendency of the will contest before dismissal. She also alleged that she had not heard from her sister, Jean Crockett, for two years, and that present efforts to locate her were unsuccessful.

The trial court's dismissal of an action will be sustained on appeal if any ground supports the motion regardless of whether the trial court relied on such ground. *Delmaine v. Meramec Valley R–III School District*, 671 S.W.2d 415, 416 (Mo.App. 1984). Here, the only conceivable ground

for the dismissal was a determination that as a matter of law parties necessary to jurisdiction were missing from the proceeding under the provisions of § 473.083. The answer to the dispute, therefore, must be found in the statute. Our duty becomes one of interpretation of legislative intent because case law decided prior to the passage of the present will contest statute viewed a will contest as a proceeding involving the res (the will) and required that all interested persons be made parties. *Eddie v. Parke's Executor,* 31 Mo. 513 (1862). In that case, grandchildren named in the will were not made parties, and the court affirmed a dismissal because no decree or judgment finding against the validity of the will could have any force or effect against them because the grandchildren were not parties to the suit. Apparently from this holding, the opinion grew that all interested parties were necessary parties to a will contest proceeding. This view was applied by our supreme court en banc in *State ex rel. Eagleton v. Hall,* 389 S.W.2d 798 (Mo. banc 1965), where the court made a writ absolute on a trial judge who threatened to proceed in a will contest where the state was not a party to the proceeding, but was to receive the residue of the estate under the will. The court determined that since the state had sovereign immunity and had not agreed to become a party the trial court could not proceed because in the event the will was set aside the interest of the state would be defeated. In furtherance of the rule requiring the presence of all necessary parties to vest jurisdiction, our courts recognize that all interested parties might not be willing to join in a will contest as a plaintiff, *Ehrlich v. Mittelberg,* 299 Mo. 284, 252 S.W. 671, 676 (1923), *citing, Kischman v. Scott,* 166 Mo. 214, 65 S.W. 1031, 1033 (1901), and therefore were properly made defendants.

The relevant provisions of § 473.083 are as follows:

1. Unless any person interested in the probate of a will appears within six months after the date of the probate or rejection thereof by the probate division of the circuit court, or within six months after the first publication of notice of granting of letters on the estate of the decedent, whichever is later, and, by petition filed with the clerk of the circuit court of the county, contests the validity of a probated will, or prays to have a will probated which has been rejected by the probate division of the circuit court, then probate or rejection of the will is binding. An heir, devisee, trustee or trust beneficiary under another purported will of the same decedent, and a person who has acquired before or after the death of the testator, all or part of the interest of such heir or devisee by purchase, gift, devise, intestate succession, mortgage or lien is interested in the probate of a will for purposes of this section.

. . . . .

3. It is not necessary to join as parties in a will contest persons whose interests will not be affected adversely by the result thereof. Subject to the provisions of section 472.300, RSMo, persons not joined as parties in a will contest are not bound by the result thereof.

■ The right to contest a will does not exist independently of statutory authority and can be exercised only in strict accordance with and within the limits prescribed by statute. *Garrett v. Mowry,* 651 S.W.2d 696, 698 (Mo.App.1983); *Mills v. Kettler,* 573 S.W.2d 672, 673 (Mo.App.1978). It follows that the interpretation of these provisions of § 473.083 RSMo will determine this appeal. The 1984 amendment did not change the law with regard to the sole issue to be tried in a will contest which is whether the paper or papers pending before the probate court are in fact the last will and testament of the decedent. *Danforth v. Danforth,* 663 S.W.2d 288, 294 (Mo.App.1983). Under the new statute, there are issues of intestacy or testacy or which writing or writings constitute the decedent's will. § 473.083.7 RSMo.

We look to the legislative intent and conclude that the court erred in its interpretation that missing parties divested the court of subject matter jurisdiction.

First, we note that our legislature chose not to adopt language similar to the Ohio statute which expressly requires heirs-at-law to be made parties to a will contest. *See* § 12080 Ohio General Code; *Gravier v. Gluth*, 163 Ohio St. 232, 126 N.E.2d 332 (1955).

■ Second, it is not necessary to join as parties persons whose interest will not be adversely affected. Obviously the result of this appeal would be otherwise if unnamed heirs-at-law took under the will under attack. In such case, the will could not be found a non-will as to a named defendant and remain a will as to unnamed parties under § 473.083.3. To that extent, the rationale of the "res" theory remains. On the present facts, the unnamed heirs-at-law could not recover or benefit unless plaintiff's will contest succeed. At the time the motion to dismiss was filed and subsequently granted the six month period provided in § 473.083.1 had expired. It was too late for the nieces to join in or file their own will contest. Defendant's contention that the nieces were indispensable parties before the six months expired depends upon whether their interests would be adversely affected if the will contest were unsuccessful. This cannot occur because they are not bound by the decision. § 473.083.3. If an adverse judgment occurred after the six month period they are foreclosed by the time limit. For purposes of determining jurisdiction based upon the inclusion of all necessary parties the question is not whether the similarly positioned heir-at-law as a contestant to the will wins or loses but whether the interested person not included as a party would be adversely affected by not being included as a party to the suit. Stated in another way, a person is a necessary party if they have a protected benefit which they could lose if not made a party. This does not apply to an heir-at-law not named in a will and who can only benefit such as the missing nieces of the decedent. The result is not inconsistent with *Eddie v. Parkes Executor*, 31 Mo. 513 (1862).

■ Third, defendant's position would hinder the general purpose of the statute which is to permit a decision on whether or not the instrument admitted to probate is the will of the decedent. If the defendant's position were sustained it would defeat the ends of justice and divest the court of jurisdiction to determine the issue. All that is required is that the plaintiff in a will contest not be permitted to leave persons with an interest to protect out of the suit in order to benefit at their expense or when the decision on the issue would not be conclusive.

Finally, the provisions of § 473.083.1 are contrary to defendant's position as adopted by the trial court. That section provides that "any" person interested in the probate of a will may file. It does not require "all" persons. Heirs and others are defined as interested persons. When read together with the provisions of § 473.083.3 "any" assumes the meaning that we find to be the intent of the legislature. One heir-at-law on behalf of himself and other heirs-at-law will suffice where the other heirs-at-law take nothing under the will which is under attack.

We do not rely on *Thompson v. Butler*, 136 F.2d 644 (8th Cir.1943). The court in that case said:

But the Missouri cases clearly establish, as we have suggested, that, in a proceeding brought by an heir-at-law to contest the validity of a will, the other heirs-at-law are not necessary parties, and the question of the validity of the service upon them is therefore immaterial. *Ehrlich v. Mittelberg*, 299 Mo. 284, 252 S.W. 671; *Kischman v. Scott*, 166 Mo. 214, 65 S.W. 1031.

*Butler*, 136 F.2d at 649. In that case, the court affirmed a dismissal for lack of federal jurisdiction. Plaintiff sought to annul a judgment of the state court which upheld the validity of a will and to enjoin the beneficiaries under the will from claiming any part of the estate. The state court judgment had been upheld by our supreme court in *Thompson v. Butler*, 347 Mo. 269, 147 S.W.2d 437 (Mo.1940). The Eighth Cir-

cuit found that the trial court properly held that the necessary diversity of citizenship was lacking to give a federal court jurisdiction on that ground. It also held that there was no federal question arising under the constitution of the United States or under the due process clause because of a denial of notice in the form of service on some of the necessary parties. The latter question related to the validity of publication notice. As an alternative justification for the opinion the court determined that the plaintiffs, as heirs-at-law, were not necessary parties and therefore service or failure of service made no difference. The court was concerned with § 538, Mo.Rev.St.1939 which was a predecessor to § 473.083. However, what was said by the *Thompson* court relevant to the present case was dicta and not decisive here.

We find that the provisions of § 473.083.1 define or designate parties having standing to challenge a will. That section does not speak on the question of necessary parties. There is no issue in the present case that both the plaintiff and the children of a predeceased sister are heirs-at-law and have standing to contest. The presence of the children of a predeceased sister who were not named in the will was not necessary to a determination of whether the will was the last will and testament of Alyce Michelson. They were not necessary parties either because they had an interest to protect or to make the judgment conclusive on the issue of testacy for all affected persons and the deceased.

We do not decide the effect of the failure of the defendant as personal representative of the estate to include the children of a predeceased sister in her affidavit of heirship. Apparently, their existence became known to the attorneys for the parties when the defendant's deposition was taken. Copies of the depositions have not been furnished to this court.

We reverse and remand for further proceedings.

SIMON and GARY M. GAERTNER, JJ., concur.