**Vera Brewer ZIMMERMAN, et al.,
Plaintiffs-Appellants,**

v.

**Leonard T. PREUSS, et al.,
Defendants-Respondents.**

No. 68738.

Supreme Court of Missouri,
En Banc.

March 17, 1987.

Robert L. Cox, Clinton, Richard M. Scott, Lamar, for plaintiffs-appellants.

Ralph E. Smith, Edward J. Murphy, Butler, for defendants-respondents.

DONNELLY, Judge.

This is a will contest. It involves the estate of Arthur G. Zimmerman, a resident of Bates County, Missouri, who died March 10, 1985.

A will dated February 10, 1984, named as primary beneficiaries the widow, Vera Zimmerman, and three stepchildren (Alma Cameron, Eddie Swope and Frank Swope). It also bequeathed $10,000 to Homer and Goldie Bough. This will was submitted

---

**3.** S.B. 500, § 1, Laws of Missouri 1976, p. 765.

and rejected by the Probate Division of the Circuit Court of Bates County.

A will dated June 22, 1984, named six nieces and nephews as beneficiaries. This will was admitted to probate.

On April 4, 1985, the widow and stepchildren (primary beneficiaries under the February 10 will) filed suit to contest the validity of the June 22 will under § 473.083, RSMo 1986. They named the nieces and nephews (beneficiaries under the June 22 will) and Ralph Smith, a personal representative, as defendants. They did not name Homer and Goldie Bough as defendants.

On October 4, 1985, the named defendants filed a Motion to Dismiss plaintiffs' petition alleging that Homer and Goldie Bough, as legatees in the rejected will of February 10, were necessary parties, thus requiring their joinder. The circuit court on October 22, 1985, issued an order sustaining the Motion to Dismiss. The order was affirmed by the Court of Appeals, Western District. The cause was certified here by a dissenting judge. Mo. Const. art. V, § 10.

Appellants contend that § 473.083.3 does not require the joinder of Homer and Goldie Bough. We agree.

Section 473.083.3 reads as follows:

> 3. It is not necessary to join as parties in a will contest persons whose interests will not be *affected adversely by the result thereof.* Subject to the provisions of section 472.300, RSMo, persons not joined as parties in a will contest are not bound by the result thereof. (emphasis added)

It is established that "all necessary party defendants [must] be named and served within the prescribed period." *Doran v. Wurth,* 475 S.W.2d 49, 51 (Mo.1971). With few exceptions,[1] before subsection 3 became effective January 1, 1981, (Laws of Mo.1980, p. 457), all "interested persons" were deemed necessary parties. *Eddie v. Parke's Executor,* 31 Mo. 513 (1862). The

general rule has been applied in Missouri to hold that legatees of a contested will, *State ex rel. Eagleton v. Hall,* 389 S.W.2d 798, 800–01 (Mo. banc 1965), and legatees in prior revoked wills which had been offered for probate, *Hall v. St. Louis Union Trust Co.,* 602 S.W.2d 455, 457 (Mo.App.1980), are necessary parties to a will contest proceeding.

However, the new subsection 3 mandates joinder only of those persons whose interests will be affected adversely by the result of the will contest or who are not virtually represented under § 472.300.

■ The essential question then is the meaning and application of the "adversely affected" language in subsection 3 of § 473.083. In our view, the test is whether an interested person stands to lose some benefit if the will contest ultimately succeeds, not whether there is a possible loss of a benefit or expectancy if the contest fails. Stated another way, the question is whether an interested person may lose some protected benefit "if the contestant wins." Nevins, *Missouri Probate: Intestacy, Wills & Basic Admin.,* § 7–10(g). *See Cool v. Reed,* 710 S.W.2d 243, 246 (Mo.App.1986).

■ In the present case, Homer and Goldie Bough cannot be deemed necessary parties. The Boughs were bequeathed $10,000 in the rejected will of February 10. They were not mentioned in the June 22 will. Therefore, the Boughs can only *benefit* from a successful contest of the June 22 will and thus are not "adversely affected by the result thereof." § 473.083.3, RSMo 1986.

The circuit court's dismissal is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

HIGGINS, C.J., and BILLINGS, BLACKMAR, ROBERTSON and RENDLEN, JJ., concur;

WELLIVER, J., dissents in separate opinion filed.

---

1. It was held in *Hines v. Hines,* 243 Mo. 480, 147 S.W. 774 (1912) that grantees of devisees or heirs need not be joined. Heirs-at-law were also generally not considered necessary parties. *Thomson v. Butler,* 136 F.2d 644 (8th Cir.), *cert. denied,* 320 U.S. 761, 64 S.Ct. 69, 88 L.Ed. 454 (1943).

WELLIVER, Judge, dissenting.

I respectfully dissent.

The majority holds that legatees under a rejected will need not be joined in an action contesting a different will. I disagree.

Section 473.083.1 provides, in pertinent part:

An heir, devisee,[1] trustee or trust beneficiary *under another purported will of the same decedent ... is interested in the probate of a will for the purposes of this section.*

As legatees, Homer and Goldie Bough were interested in the probate of the subsequent will, pursuant to § 473.083.1.[2] With few exceptions,[3] this Court has held that *all* interested persons must be made parties to a will contest action. *Eddie v. Parke's Executor*, 31 Mo. 513 (1862).

In 1980, the legislature adopted the statutory provision at issue, § 473.083.3, RSMo 1986,[4] which provides, in pertinent part:

It is not necessary to join as parties in a will contest persons whose interests will not be *affected adversely by the result* thereof.

(Emphasis added.)

The majority interprets this provision to mean that only interested persons adversely affected by a *successful* will contest need be joined. Success of the will contest is not the only possible "result." The "result" of a will contest action could be either admission of the contested will to probate or rejection of the will with the possibility of intestacy or the revival of prior rejected wills.

Legatees or devisees under a prior rejected will, such as the Boughs, might be adversely affected by the failure of a will contest action and the subsequent admission of that will to probate. It is difficult to hypothesize a scenario in which any interested person would not be adversely affected by one of the possible "results" of a will contest action.

The language of § 473.083.3 is merely another way of saying that only interested persons need be joined in a will contest action. This interpretation is consistent with both our prior case law[5] and the other provisions of our Probate Code.[6] By holding that sometimes interested persons must be joined and sometimes not, the majority creates a legal quagmire for both bench and bar.

I would affirm the decision of the probate court.

---

1. The term "devisee" includes legatees, such as the Boughs. § 472.010(8), RSMo 1986.

2. *See also* § 472.010(15) (defining "interested persons").

3. *See e.g., Hines v. Hines*, 147 S.W. 774 (1912) (grantees of devisees or heirs are not necessary parties).

4. Section 473.083.3, RSMo 1986, was adopted by 1980 Mo.Laws 457, effective January 1, 1981.

5. *See e.g., Eddie v. Parker's Executor*, 31 Mo. 513 (1862).

6. *See e.g.,* §§ 473.017, 473.020, 473.030, 473.083.-1, 473.085.2, 473.140, 473.170, 473.207, 473.263, 473.300, RSMo 1986.