Homer BOUGH and Goldie Bough, Appellants,

v.

Vera Brewer ZIMMERMAN, Alma Cameron, Eddie Swope, Frank Swope, Leonard T. Preuss, Arthur Ehm, Barbara Wildrix, Louise Mierau, Emma Gackstatter, Alwena Fenske and Ralph E. Smith, Respondents.

No. WD 37957.

Missouri Court of Appeals, Western District.

March 24, 1987.

---

Richard M. Scott, Lamar, for appellants; Poague, Wall, Eshelman & Cox, Clinton, of counsel.

Ralph E. Smith, Edward J. Murphy, Butler, for respondents.

Before BERREY, P.J., and PRITCHARD and DIXON, JJ.

PRITCHARD, Judge.

Arthur G. Zimmerman, a resident of Bates County, Missouri, died on or about March 10, 1985, leaving real and personal property situated in Bates and Vernon Counties, Missouri. On March 14, 1985, a

purported will, dated June 22, 1984, was presented and admitted to probate in the Probate Division of the Circuit Court of Bates County, Missouri. Notice of the grant of letters testamentary was first published on March 21, 1985, of the June 22, 1984 will which revoked all prior wills and codicils.

The June 22, 1984, will made no provision for the widow, Vera Zimmerman "since we have ample jointly owned property which will be hers upon my death." Decedent devised and bequeathed all of his property to his nephews and nieces: Arthur Ehm, Leonard Preuss, Barbara Wildricks (Wildrix?), Louise Meura (Mierau?), Emma Gaxstatler (Gackstatter?), and Aliwina (Alwena?) Fenske. This will revoked all prior wills and codicils.

On October 7, 1985, appellants filed their petition in the Circuit Court of Bates County, Missouri, to contest the June 22, 1984, will upon the ground that decedent lacked testamentary capacity to execute a will. The petition also offered for probate a will of decedent dated February 10, 1984. This earlier will gave all personal property to the wife, Vera Brewer Zimmerman if she survived testator, but if not, it was bequeathed in equal shares to his stepchildren, Alma Cameron, Eddie Swope and Frank Swope. Appellants herein were given $10,000 in cash. A life estate in the 160 acre home place was devised to Vera, with remainder in fee simple to Leonard Preuss, 1/6th; Arthur Ehm, 1/2; Alwena Fenske, 1/12th; Emma Gackstatter, 1/12th; Barbara Wildrix, 1/12th; and Louise Mierau, 1/12th. The stepchildren, Alma Cameron, Eddie Swope and Frank Swope were given all other real estate in equal shares, Vera was given all the residue of the estate if she survived testator, but if not, it was given to the three stepchildren. After the death of testator, the February 10, 1984, will was presented to the probate division for due proof and probate, but that court rejected the same. Appellants' present petition names all parties who were beneficiaries under both wills.

Section 473.083.1, RSMo (as variously amended through 1983) provides: "Unless any person interested in the probate of a will *appears within six months after the date of the probate or rejection thereof by the probate division of the circuit court, or within six months after the first publication of notice of granting of letters on the estate of decedent, whichever is later,* and, by petition filed with clerk of the circuit court of of the county, contests the validity of a probated will, or prays to have a will probated which has been rejected by the probate division of the circuit court, then probate or rejection of the will is binding." Appellants rely upon the italicized portions of the statute, arguing that the legislature set in place an alternative time frame within which to file a will contest petition and that time frame is within six months after date of probate or rejection, *whichever is later.*

The case of *Winkler v. Winkler,* 634 S.W.2d 217 (Mo.App.1982) rules appellants' above contention. There, Mayer L. Winkler died on November 21, 1979, and a will dated February 28, 1977, and a codicil thereto dated January 10, 1979, were admitted to probate with first notice of the granting of letters being published on December 12, 1979. On July 11, 1980, a July 3, 1975 and a January 15, 1976, codicil of decedent were presented to the probate division and rejected that same day. Then, on August 6, 1980, Hanna Winkler filed a petition in circuit court to establish the 1975 will and 1976 codicil and to find the 1977 will and 1979 codicil were invalid as the product of undue influence. Two defendants named in Hanna's petition, Lester and Carol Winkler, filed a counterclaim and cross-claim seeking the same relief as Hanna did [*Winkler II*]. At page 220[3], the court noted that § 473.083.1 did provide that an interested person may, within six months after the probate division rejects a will, file a petition to have it probated in circuit court, and said, "Hanna Winkler's petition, however, not only sought probate of the rejected 1975 will and its codicil, but also contested the 1977 will and its codicil. As a will contest, the petition was not timely filed, that is, within six months of December 12, 1979, the date of first publication of the granting of letters on dece-

dent's estate." It noted that the only timely filed petition contesting the 1977 will and 1979 codicil was that of Lester Winkler [*Winkler I*], and that petition had been properly dismissed because of Lester's failure, within 90 days, to name and serve all necessary defendants. The court said further at page 220[5], "Consequently, although plaintiff Hanna Winkler may have timely filed a petition to establish the 1975 will and 1976 codicil after their rejection, the action was necessarily futile. The 1977 will and 1979 codicil, which expressly revoked all earlier wills and codicils, were at that point immune to attack; probate of them had become binding and the probate division could proceed with administration of the estate in accordance with them. The trial court properly dismissed Hanna Winkler's petition and the responsive pleadings of Lester and Carol Winkler." The court held, for the same reason, that the dismissal of Lester and Carol Winkler's petition [*Winkler III*] seeking the same relief (or intestacy) filed more than a year after the first publication of notice of granting letters testamentary was proper.

Under the Winkler case, supra, what the alternative times specified in § 473.083.1 means is that where there is a rejected will presented for probate, *and* a contest of another will is presented at the same time, unless the latter is timely filed, it becomes binding, and the presentment of the rejected will becomes a futile act. The rejected will here was revoked by the later, June 22, 1984, will the probate of which became binding six months after March 21, 1984. The appellants, Homer and Goldie Bough, filed their petition to contest that will on October 7, 1985, long after the six months period. As to the Boughs, there would be no estate upon which the February 10, 1984, rejected will could operate, because the probate division could properly proceed with administration on the probated later will. The trial court properly dismissed the Boughs' petitions.

It is unnecessary to consider the further contention of appellants that their petition to probate the rejected will was timely filed within six months after its rejection, because the will contest portion of the case was not timely filed.

The issue here is whether the Boughs timely filed their contest of the June 22, 1984 will, which is different than the issue in the case of *Vera Brewer Zimmerman, et al., v. Leonard T. Preuss, et al.,* 725 S.W.2d 876 (Mo. banc 1987), and which holds that the Boughs were not necessary parties to the timely filed contest of the will of June 22, 1984, because they were not adversely affected by it. The Supreme Court reversed the trial court's judgment and remanded the case for further proceedings.

The judgment here is affirmed.

All concur.