**Bonnie S. JONES, Nancy K. Jones, Terrill H. Jones, and Elizabeth A. Rayhel, Plaintiffs–Appellants,**

v.

**Beverly J. JONES, Defendant–Respondent.**

No. 53482.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 2, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 12, 1988.

Case Transferred to Supreme Court Nov. 15, 1988.

Case Retransferred to Court of Appeals June 13, 1989.

Original Opinion Reinstated June 20, 1989.

Rudy D. Beck, Ronald R. Fralicx, St. Charles, for plaintiffs-appellants.

Donald J. Gunn, Jr., Martha C. Brown, St. Louis, Theodore F. Schwartz, Clayton, for defendant-respondent.

KELLY, Judge.

Bonnie S. Jones, Nancy K. Jones, Terrill H. Jones and Elizabeth A. Rayhel, the children of decedent, Victor T. Jones, appeal from the dismissal of their petition to set aside a will and to impose a constructive trust on all assets which were originally in decedent's name only, and which were then transferred by decedent to him and respondent as joint tenants prior to decedent's death. We affirm.

Respondent Beverly J. Jones is the surviving spouse of decedent, who died on May 9, 1986. Upon the filing of a Petition for Letters Testamentary by Respondent, the Last Will and Testament of Victor T. Jones dated August 2, 1984, was admitted to Probate. A probate estate was then opened on behalf of the decedent in the probate division of the St. Charles County Circuit Court.

In decedent's Last Will and Testament he devised and bequeathed to his son, Michael Patrick Jones, his Jeep, his gun collection and his dogs. The remainder of the estate was bequeathed to his wife, Beverly, the respondent herein. The will also included a trust for any child under the age of twenty-one at the time of decedent's death who would be entitled to a share of the estate.

Appellants filed this action alleging that decedent's Last Will and Testament was procured by respondent through her undue influence, as wife of the deceased. Appellants seek to admit to probate as the true Last Will and Testament of the decedent, a purported Last Will and Testament dated April 13, 1974. Pursuant to that purported Last Will and Testament, decedent bequeathed to Beverly Jones, his wife, all of the household furnishings, his clothing, jewelry, and items of personal use and adornment together with the sum of five thousand dollars ($5,000.00). Further, decedent stated in that purported Last Will and Testament that he intentionally made no further provision for his wife because prior to their marriage Beverly Jones and Victor Jones had entered into an antenuptial agreement dated July 1, 1968, and that he had made other provisions for her through the use of life insurance. Under the purported Last Will and Testament dated April 13, 1974, each of his children was bequeathed the sum of four thousand dollars ($4,000.00) and the beneficial interest of a testamentary trust of the residuary estate with Margaret Player as Trustee.

In Count II of appellants' petition, appellants seek to impose a constructive trust on all property which passed to respondent by operation of law at the time of decedent's death. This property included sixty-nine thousand (69,000.00) shares of stock in Victor T. Jones Farm, Inc., a corporation and real estate located in Missouri. The appellants allege that these transfers were made by decedent as a result of respondent's coercion and in violation of the antenuptial agreement signed by decedent and respondent on or about July 1, 1968.

In Count II of appellants' petition, appellants pray that the court impress upon the aforesaid property a constructive trust in favor of appellants and Michael Patrick Jones, who is not a party to this action, and that the court order the respondent to transfer legal title of that property to appellants.

Respondent filed a motion to dismiss appellants' petition on the following grounds:

1. Count I of plaintiffs' petition fails to state a claim upon which relief can be granted;

2. This Court lacks jurisdiction over the subject matter of Count I of plaintiffs' petition pursuant to § 473.083 RSMo 1986;

3. Count II of plaintiffs' petition fails to state a claim upon which relief may be granted.

The trial court sustained respondent's motion to dismiss. This appeal followed.

Appellants contend that the allegations of the petition were sufficient to state a cause of action and that the trial court erred in ruling otherwise. We address each count in turn.

The first count of appellants' petition alleges that the Last Will and Testament of Victor T. Jones dated August 2, 1984, is the product of the undue influence of the respondent, the surviving spouse of decedent. Appellants seek to admit to probate as the true Last Will and Testament of decedent, a purported Last Will and Testament dated April 13, 1974.

■ We note at the outset that appellants' petition failed to allege that the purported Last Will and Testament of decedent dated April 13, 1974, was ever presented to the probate court pursuant to § 473.050 RSMo 1986. Section 473.050 RSMo 1986 requires that any one seeking

to admit to probate a will must present the purported will of decedent to the judge or clerk of the probate division of the circuit court within six months of the date of first publication of notice of the grant of letters testamentary or of administration by the probate division of any circuit court in the state of Missouri, or within thirty days from commencement of an action under § 473.083 to establish or contest the validity of a will.

Pursuant to § 473.050 RSMo 1986, appellants' failure to present the purported Last Will and Testament of decedent dated April 13, 1974, precludes their ability to admit that will to probate.

■ We also find that the trial court was correct in dismissing Count I of appellants' petition because appellants failed to comply with the requirements of § 473.083 RSMo 1986 in that they failed to join all necessary parties by omitting Michael Patrick Jones, a legatee, under the contested will.

Appellants contend that § 473.083.3 does not require the joinder of Michael Patrick Jones. We disagree.

Section 473.083.3 reads as follows:

3. It is not necessary to join as parties in a will contest persons whose interests will not be *affected adversely by the result thereof.* Subject to the provisions of section 472.300, RSMo, persons not joined as parties in a will contest are not bound by the result thereof. (emphasis added)

It is established that legatees of a contested will are necessary parties to a will contest proceeding. *Zimmerman v. Preuss,* 725 S.W.2d 876, 877 (Mo. banc 1987); *State ex rel. Mueller v. Murphy,* 738 S.W.2d 122, 123 (Mo.App.1987). "The test is whether an interested person stands to lose some benefit if the will contest ultimately succeeds, not whether there is a possible loss of a benefit or expectancy if the contest fails." *Zimmerman v. Preuss,* 725 S.W.2d at 877[1].

In the case at bar, in the contested will, Michael Patrick Jones was left all guns, dogs and a Jeep belonging to his father, decedent herein. Should the will contest be successful, Michael Patrick Jones would lose the benefit of the specific bequests of a Jeep, a gun collection, and the dogs.

Appellants argue that Michael Patrick Jones would stand to gain "much more substantial benefits" should the will contest be successful. Appellants' cursory appraisal of the alleged value of Michael Patrick Jones' bequests the guns, the dogs, and the Jeep, cannot be indulged by this court. We can only speculate the sentimental and monetary value of Michael Patrick Jones' specific bequests. Neither this Court nor appellants have the right to summarily determine the value of Michael Patrick Jones' property under the contested will as opposed to decedent dying intestate. Because all necessary parties were not joined in appellants' petition, the trial court properly sustained respondent's motion to dismiss.

■ In Count II of appellants' petition, appellants seek to impose a constructive trust on all property which passed to respondent by operation of law at the time of decedent's death. Appellants have alleged the existence of an antenuptial agreement signed by decedent and respondent on or about July 1, 1968. Count II of appellants' petition must also fail for lack of joinder of Michael Patrick Jones as a necessary party. Point denied.

The judgment of the trial court is affirmed.

KAROHL, P.J., concurs.

SMITH, J., concurs in result.