Deanna Jane KRAEMER, Appellant,

v.

Josephine MANISCALCO, Respondent.

No. ED 94239.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 31, 2010.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 7, 2010.

Application for Transfer Denied
Dec. 21, 2010.

Robert A. Cappiello, Clayton, MO, for Appellant.

Canice Timothy Rice, Jr., St. Louis, MO, for Respondent.

ROBERT G. DOWD, JR., Judge.

Deanna Jane Kraemer appeals from the judgment granting Josephine Maniscalco's motion to dismiss and dismissing her petition to contest a will and admit a rejected will. We reverse and remand.

On November 27, 2008, Mary M. Gallegos ("Decedent") died as a single person without any children. Deanna Jane Kraemer ("Niece") is the niece of Decedent. Josephine Maniscalco ("Sister") is Decedent's sister and only surviving sibling.

At issue in this case are two instruments purporting to be Decedent's last will and testament at her death. One instrument was executed on February 14, 2003 ("the 2003 will"). The 2003 will is a pour-over will. It transfers all assets to a previously established living trust. The trust benefits Niece and Sister equally. The second instrument was executed on November 26, 2004 ("the 2004 will"). In the 2004 will, Decedent bequeathed one dollar to Niece, one dollar to Nina Tormino Hake, one

dollar to Pearl Tina Tormino North, and the remainder of her estate to Sister.

Pursuant to Sister's application, the 2004 will was admitted to probate. Sister was appointed the personal representative of Decedent's estate. Niece filed an application to probate the 2003 will, which was denied, and the 2003 will was rejected by the circuit court.

Niece filed a petition to contest the 2004 will and have the 2003 will admitted to probate titled "Petition to Reject a Purported and Pretended Will and to Contest the Same and to Admit to Probate a Rejected Will." Niece named the following persons as defendants in the petition: Sister; Nina Tormino Hake, Decedent's niece and legatee under the 2004 will; Pearl Tina Tormino North, Decedent's niece and legatee under the 2004 will; Vernon Wunnenberg, Decedent's nephew and heir-at-law; Lisa Wunnenberg Dlabcik, Decedent's great-niece and heir-at-law; Laurie Wunnenburg Dreyer, Decedent's great-niece and heir-at-law; and Micheal Gryzb, Decedent's great-nephew and heir-at-law. All of the defendants named by Niece were served with summons and the petition within the ninety-day statutory period prescribed in Section 473.083.6, RSMo 2000.[1] With the exception of Sister, none of the other defendant's answered Niece's petition.

Sister subsequently filed a motion to dismiss Niece's petition "for failure to join and secure and complete service of process on all necessary parties." Sister asserted Niece had failed to join Julie Gryzb Schneider and Jenifer Gryzb Harris ("the Omitted Heirs"), great-nieces of Decedent and heirs-at-law. Thereafter, the circuit court granted Sister's motion to dismiss finding the Omitted Heirs were necessary parties and Niece did not show good cause for failing to serve the Omitted Heirs within ninety days of filing her petition. Niece now appeals.[2]

■ The standard of review for a trial court's grant of a motion to dismiss is *de novo*. *Lynch v. Lynch*, 260 S.W.3d 834, 836 (Mo. banc 2008).

Because they are interrelated, we will address Niece's first three points together. Niece asserts the circuit court erred in granting the motion to dismiss for failing to join and serve the Omitted Heirs as necessary parties because (1) the Omitted Heirs do not have a protected benefit that they could lose by not being named as parties to Niece's petition, (2) the Omitted Heirs are not adversely affected by the prosecution of the 2004 will contest, and (3) the Omitted Heirs have no interest in Niece's petition.

■ The question to be answered here is whether the Omitted Heirs were necessary parties that must be joined and served in Niece's will contest proceedings pursuant to Section 473.083. It is well-settled law that all necessary parties must be named and served within the prescribed period. *Zimmerman v. Preuss*, 725 S.W.2d 876, 877 (Mo. banc 1987).

■ Section 473.083 sets forth the procedures for contesting a will and provides, in pertinent part:

[u]nless any person interested in the probate of a will appears within six months after the date of the probate or rejection thereof by the probate division of the circuit court, or within six months after the first publication of notice of

1. All further statutory references are to RSMo 2000.

2. Following oral argument, Sister filed a motion for leave to file a memorandum of law supplementing oral argument. That motion is hereby granted.

granting of letters on the estate of the decedent, whichever is later, and, by petition filed with the clerk of the circuit court of the county, contests the validity of a probated will, or prays to have a will probated which has been rejected by the probate division of the circuit court, then probate or rejection of the will is binding. An heir, devisee, trustee or trust beneficiary under another purported will of the same decedent, and a person who has acquired, before or after the death of the testator, all or part of the interest of such heir or devisee by purchase, gift, devise, intestate succession, mortgage or lien, is interested in the probate of a will for purposes of this section.

Section 473.083.1. Section 473.083.1 does not speak on the issue of necessary parties. *Cool v. Reed,* 710 S.W.2d 243, 247 (Mo.App. E.D.1986). Thus, we look to Section 473.083.3. That section provides:

> It is not necessary to join as parties in a will contest persons whose interests will not be *affected adversely by the result thereof.* Subject to the provisions of section 472.300, RSMo, persons not joined as parties in a will contest are not bound by the result thereof and have no rights in or to any consideration given for dismissal pursuant to subsection 8 of this section.[3]

Section 473.083.3 (Emphasis added.) Subsection 3 of Section 473.083 became effective January 1, 1981. With few exceptions, before Section 473.083.3 became effective, all "interested persons" were deemed necessary parties. *Zimmerman,* 725 S.W.2d at 877 (citing *Eddie v. Parke's Executor,*

31 Mo. 513 (Mo.1862)). However, "subsection 3 mandates joinder of only those persons whose interests will be affected adversely by the result of the will contest." *Id.*

In looking at the "affected adversely" language of Section 473.083.3, the Missouri Supreme Court stated:

> the test is whether an interested person stands to lose some benefit if the will contest ultimately succeeds, not whether there is a possible loss of a benefit or expectancy if the contest fails. Stated another way, the question is whether an interested person may lose some protected benefit "if the contestant wins."

*Zimmerman,* 725 S.W.2d at 877 (citing Nevins, *Missouti Probate: Intestacy, Wills & Basic Admin.,* Section 7–10(g) and *Cool,* 710 S.W.2d at 246).

In *Zimmerman,* the decedent's widow and stepchildren, the primary beneficiaries under a rejected will, filed a will contest naming the beneficiaries of the admitted will as defendants. *Zimmerman,* 725 S.W.2d at 876–77. The rejected will also bequeathed money to two other individuals, who were not named in the will contest. *Id.* The two individuals were not mentioned in the admitted will. *Id.* at 877. The defendants filed a motion to dismiss for failure to include the two legatees in the rejected will as necessary parties, and the circuit court granted the motion to dismiss. *Id.* On appeal, the court held the two legatees in the rejected will were not necessary parties because they could not be adversely affected by the result of the

---

3. Section 473.083.8 provides:

[a]ny such action may be voluntarily dismissed, after the period of contest has expired, by consent of all parties not in default, at the cost of the party or parties designated, at any time prior to final judgment. Dismissal under this subsection shall not be considered a compromise of the action requiring court approval pursuant to sections 473.084 and 473.085, even though the parties have contractually agreed to an exchange of consideration for such dismissal or consent, and even though others similarly situated do not participate in such consideration.

will contest where they had no protected interest which could be lost if the will contest was successful. *Id.*

On the other hand, legatees of a contested will are necessary parties to a will contest proceeding. *Jones v. Jones*, 770 S.W.2d 246, 248 (Mo.App. E.D.1988). In *Jones*, the plaintiffs, four children of the decedent, challenged a will in which a brother was bequeathed specific property. *Id.* at 247. The plaintiffs did not include their brother in their will contest. *Id.* at 248. The circuit court dismissed the plaintiffs' petition for failure to join a legatee in the contested will. *Id.* On appeal, the court held a legatee of a contested will is a necessary party to a will contest because if the will contest is successful the legatee would lose the benefit of a specific bequest. *Id.*

Here, the Omitted Heirs cannot be deemed to be necessary parties. The Omitted Heirs are not mentioned in either the contested 2004 will or the rejected 2003 will, and therefore, are not legatees under either will. The Omitted Heirs do not stand to lose some protected benefit if the will contest ultimately succeeds. Thus, the Omitted Heirs would not be adversely affected by the result of the will contest and are not necessary parties.

■ Sister asserts that because Niece also seeks to have the rejected 2003 will admitted to probate if the 2004 will contest is successful, the Omitted Heirs are necessary parties because they could be adversely affected if the 2004 will contest succeeded. Sister maintains that if the 2003 will, in which the Omitted Heirs are not beneficiaries, is admitted to probate rather than the 2004 will being rejected and intestate succession resulting, the

Omitted Heirs would be adversely affected because they would not receive their intestate share. However, Sister misapplies the standard of Section 473.083.3. That section only applies to will contests and who is a necessary party in a will contest and does not apply in seeking to have a will admitted to probate.

Sister also asserts that the second sentence of Section 473.083.3 that "persons not joined as parties in a will contest are not bound by the result thereof" somehow makes the Omitted Heirs necessary parties. We are not persuaded by Sister's argument.

Because the Omitted Heirs would not be adversely affected by the result of the 2004 will contest, they are not necessary parties. The trial court erred in dismissing Niece's proceedings and finding the Omitted Heirs were necessary parties. Niece's points are granted.[4]

The circuit court's dismissal is reversed and the cause is remanded for further proceedings.

KURT S. ODENWALD, P.J. and NANNETTE A. BAKER, J., concur.

_____

4. Because of our holding that the Omitted Heirs are not necessary parties, we need not address Niece's remaining point regarding good cause for failing to join and serve the Omitted Heirs.