DALE MCCARTHY, Appellant, v. FIDELITY NATIONAL BANK & TRUST COMPANY, R. E. KANE and MARGARET HUME.—30 S. W. (2d) 19.

Division Two, July 3, 1930.

*Johnson, Lucas, Landon & Graves* for appellant.

*Leahy, Saunders & Walther* and *Harding, Murphy & Tucker* for respondent Kane; *Bowersock, Fizzell & Rhodes* for respondent Fidelity National Bank & Trust Company.

730

BLAIR, P. J.—Action in the Circuit Court of Jackson County to contest the will of Mary Ann Grier. Two of the respondents filed and the trial court sustained separate demurrers to the amended petition on the ground that it failed to state a cause of action and because of the failure to join necessary parties. Appellant refused to plead further, stood on his amended petition and suffered adverse judgment, from which he was granted an appeal to this court.

From the allegations of the amended petition, it appears that testatrix died in September, 1925, leaving appellant and respondent Margaret Hume as her heirs at law. On October 1, 1925, an instrument, purporting to be the will of Mary Ann Grier, was admitted to probate by the Probate Court of Jackson County. By the terms of such purported will, appellant was bequeathed the sum of one dollar and respondent Kane was bequeathed the sum of $75,000, which bequest was subsequently reduced by codicil to $50,000.

It was then alleged:

"5th. That plaintiff believing that all the bequests in said instrument, except those made to the defendant R. E. Kane, and

this plaintiff, expressed the true will of deceased, and not desiring to interfere with them, on the 7th day of July, 1926, by a deed duly executed and acknowledged and which has since been recorded in the office of the Recorder of Deeds of Jackson County, Missouri, at Kansas City, conveyed and released all his interest present or future as one of the heirs at law of said deceased in her estate (except in the said sum of fifty thousand dollars apparently bequeathed to the said R. E. Kane) to all of said legatees, except the said Kane, in the same proportions and for the same purposes as named in said purported or pretended will, and for that reason none of them is made a party hereto, as their interests cannot be affected by the result of this suit, and they are no longer interested in the probate of said purported will as provided by Section 525 of the Revised Statutes of Missouri 1919.

"6th. That on the 17th day of July, 1926, the beneficiaries of the trust estate described in paragraph 17 of said purported will, by a deed duly executed, acknowledged and which has since been recorded in the office of the Recorder of Deeds of Jackson County, Missouri, at Kansas City in consideration of the conveyance and release aforesaid made to them, released and quit-claimed to this plaintiff any interest they or any of them might have in any addition to the said residuary estate, referred to in said paragraph 17, caused by the rejection of the probate of said instrument as the will of said Mary Ann Grier, and for that reason they are not made parties hereto, as they are no longer interested in the probate of said purported will.

"7th. That the said defendant, R. E. Kane, was during all the times herein mentioned and for a long time prior thereto a physician and for many years prior to the death of said Mary Ann Grier, was her physician in constant attendance upon her, and very soon acquired an absolute and overpowering influence over the mind of the said Mary Ann Grier, prevented her friends, relatives and acquaintances from seeing her, under the pretense that she was not in physical and mental condition to see anyone and prevented everyone from seeing her or communicating with her by letter or otherwise, exercising absolute control over her mind and movements, and so continued such influence and control over her, and obtained many valuable gifts from her from time to time, and induced her to make the bequest to him in the purported will of seventy-five thousand dollars and the bequest in the second codicil of fifty thousand dollars. That said pretended will is not the last will and testament of said Mary Ann Grier, but was caused to be executed by her, by the overpowering and selfish influence of said Kane over her mind, while he was her confidential physican and medical adviser."

Respondent Fidelity National Bank & Trust Company was named as trustee for specific bequests and was also nominated as executor of the purported will. The prayer of the petition was "that an issue be made whether or not the said instruments constitute the last will of said deceased, and prays that the same be declared not her will and for costs."

While the prayer of the petition is in the form appropriate to ordinary will contests, it is manifest, from the allegations of the petition and the failure to join the numerous beneficiaries as parties, that appellant is seeking to have the will set aside only in so far as the bequest of $50,000 to respondent Kane is concerned, in order that appellant may secure the amount of such bequest for himself, in accordance with the arrangement with the other beneficiaries pleaded in his petition. This the trial court held could not be done and such ruling is the first and only question we need consider.

The trial court put its ruling upon the ground that, as appellant sought to set aside the will as to one of the beneficiaries only and to leave it in force as to the remaining beneficiaries, the action was not one to contest a will within the meaning of Section 525, Revised Statutes 1919. Such section reads as follows:

"If any person interested in the probate of any will shall appear within one year after the date of the probate or rejection thereof, and, by petition to the circuit court of the county, contest the validity of the will, or pray to have a will proved which has been rejected, an issue shall be made up whether the writing produced be the will of the testator or not, which shall be tried by a jury, or if neither party require a jury, by the court."

Appellant makes the contention in his brief that,

"Where undue influence and/or fraud has been exercised by one legatee of a will over the mind of the testator in the procurement of his legacy, then that legacy so obtained may be set aside and the other legacies not affected by the undue influence and/or fraud may stand, by the great weight of authority in this country."

Appellant then cites standard authorities on wills and decisions from other jurisdictions which lay down the general rule that, where the undue influence of one legatee does not affect the entire will, the will may be void in part and not void in all of its provisions or may be void as to the provision for the legatee exercising such undue influence and valid as to the provisions for legatees not exercising undue influence over the testator. The following authorities cited by appellant have been carefully examined, to-wit: 1 Jarman on Wills (6 Ed.) 49; 1 Redfield on Wills (4 Ed.) par. 20, page 519; 1 Woerner's The American Law of Administration (3 Ed.) par. 34, pp. 67 and 68; 1 Page on Wills (2 Ed.,

1916) par. 195, pp. 342 and 343, and cases there cited; Trimlestown v. D'Alton, 1 Dow & Clark, p. 85; Petition of Maguire, In re McCaffrey's Will (1918), 173 N. Y. Supp. 392, and cases therein cited; Old Colony Trust Company v. Bailey (1909), 202 Mass. 283; Harrison's Appeal (1880), 48 Conn. 202; Florey's Exrs. v. Florey (1854), 24 Ala. 241.

So far as we have been able to determine, in none of the cases cited by appellant was the ruling based upon a statute like our Section 525, which requires a decision in a will contest of the issue "whether the writing produced be the will of the testator or not."

We have been cited to no Missouri case (and we have found none) where the question at bar was specifically presented and decided. In Snyder v. Steele, 304 Ill. 387, it was sought to sustain a will as to beneficiaries who had not participated in the undue influence exercised by other beneficiaries. This was not permitted because of a statute of Illinois, which seems to have been quite like our Section 525. The court said:

"The bill in this case charged undue influence on the part of Mrs. Bishop, Dr. Bartlett and Steele,—All beneficiaries. The opinion in the former case holds that there was no evidence showing undue influence on the part of Mrs. Bishop and Dr. Bartlett, but that by reason of the fiduciary relationship existing between Miss Metz and Steele, and the fact that he wrote the will, the presumption of undue influence existed as to him. *This is not to be construed as holding that a will may be held to be part good and part bad by reason of undue influence of one of the beneficiaries.* Appellees' counsel cite cases from other jurisdictions as sustaining their view on this point. The greater weight of authority, however, is to the contrary, and in this State the rule is that where the execution of a will is shown to be the result of undue influence exercised by a beneficiary the contestants are entitled to a verdict. [Weston v Teufel, 213 Ill. 291; Gum v. Reep, 275 Id. 503; Teter v. Spooner, 279 Id. 39.] Under the statute the issue before the jury is whether or not the puported will is the will of the testator, and the question is as to the validity of the will as a whole. Testimony which defeats one defendant, one devisee or one legatee defeats all, and a judgment against one is necessarily a judgment against all. [McCune v. Reynolds, 288 Ill. 188; Campbell v. Campbell, 138 id. 612; McMillan v. McDill, 110 id. 47.]"

In 1 Page on Wills, Section 565, beginning at the bottom of page 937, it is said:

"In a number of jurisdictions, the issue is fixed by statute and is practically the old common-law issue *devisavit vel non;* 'is the instrument in question the last will and testament of testator or not.' Since the issue is fixed by statute, in jurisdictions of this

class, it cannot be varied by the pleadings, and the form which the issue assumed in the pleadings is immaterial."

In State ex rel. Damon v. McQuillin, 246 Mo. 674, 152 S. W. 341, the effect of a will contest was considered in determing whether such a case could be dismissed. There the action had been instituted by one not interested in the probate of the will. It was ruled that such a suit, when instituted by a party in interest, vacates the interlocutory judgment of probate entered in the probate court and "imposes upon the circuit court the duty of determining the question of will or no will." However, as the contestants were not interested in the probate of the will, it was held that the dismissal by the circuit court was proper.

In cases like Jackson v. Hardin, 83 Mo. 175, it was held that the dismissal of a will contest, brought by one interested in the probate, was improper because it was the duty of the circuit court to determine whether the paper writing produced was the last will of the testator.

In other cases declarations of one legatee were held inadmissible as against such legatee, for the reason that, if such admissions had the effect of setting aside the will as to such legatee, the will must be set aside as to all. In Wood v. Carpenter, 166 Mo. 465, l. c. 485, 66 S. W. 172, it was said:

"Mrs. Carpenter's admissions could not bind the other legatees under the will. They could not be admitted as against her and not as to them, for the simple reason that if they had the effect to set aside the will as to her it would set aside the will as to the other legatees, also. In this respect a will contest is unlike an ordinary suit where separate judgments may be entered as to each defendant, and the admission of one defendant can therefore be limited to himself without injuriously affecting the other defendants."

In other cases infants have been joined as parties without the appointment of a guardian *ad litem* and it has been sought to avoid the will as to other defendants brought into court and not to disturb the will as to such infants. It has been uniformly held under such circumstances that a will could not be held good as to some beneficiaries and invalid as to others. [Rush v. Rush, 19 Mo. 441; Neenan v. St. Joseph, 126 Mo. 89, 28 S. W. 963; Wells v. Wells, 144 Mo. 198, 45 S. W. 1095.]

In Teckenbrock v. McLaughlin, 209 Mo. l. c. 542, 108 S. W. 46, it was said by Judge LAMM that, "A will that is shown by competent proof to be in fact the product of undue influence of one devisee or legatee, out of several, is as much void as if it was the product of the undue influence of all of them—it is a bad will. The innocent may not take property as the result of a tainted devise or

bequest merely because they were free of the vice. A gift fetched by an unchaste hand may well be held to be polluted."

In Hines v. Hines, 243 Mo. l. c. 496, 147 S. W. 774, it was said by Judge Brown, that "when a will is contested, the contest acts upon the interests of every party concerned therein, and if it is adjudged to be no will as to the plaintiff, then it cannot be valid as to anyone named in the will as devisee or legatee. [Wood v. Carpenter, 166 Mo. 485; King v. Gilson, 191 Mo. 333; Brown v. Anderson, 13 Ga. 171; Tibbatts v. Berry, 49 Ky. 473.]"

In numerous cases and on variant facts and trial issues, it has been repeatedly held in this State that the writing presented as the will of testator is either the will as written or it is no will. A number of cases to this effect have been cited by respondents in their brief, some of which are Van Raalte v. Graff, 299 Mo. 513, 253 S. W. 220; Harris v. Hays, 53 Mo. 90; Cox v. Cox, 101 Mo. 168, 13 S. W. 1055; Lilly v. Tobbein, 103 Mo. 477, 15 S. W. 618; Carl v. Gabel, 120 Mo. 283, 25 S. W. 214; Gordon v. Burris, 141 Mo. 602, 43 S. W. 642.

Since our statute (Sec. 525, R. S. 1919) requires that, in a will contest case, "an issue shall be made up whether the writing produced be the will of testator or not," the writing so produced must be shown to be the testator's will in its entirety or it is not his will at all. When there is undue influence on the part of one legatee, which results in a provision of the purported will beneficial to said legatee, such undue influence vitiates the entire will and renders it invalid in its provisions as to other beneficiaries, although they did not participate in bringing undue influence to bear upon testator.

As our statute requires the issue to be made up of whether or not the will *in toto* is valid or the will in its entirety is invalid, the petition of appellant, which sought merely to frame an issue as to whether one provision of the purported will of Mary Ann Grier was her will or not her will, did not state a cause of action under our statute and the trial court properly sustained the demurrers of respondents.

The conclusion thus reached obviates the necessity of considering other attacks made upon the petition by respondents. The judgment is affirmed. All concur.