## In the Matter of the Estate of DELIA ROOSA THORN, Deceased.

Surrogate's Court, Oneida County, October 3, 1934.

*Kernan & Kernan,* for the proponents.

*Wager, Griffith & Brackett,* for the contestants.

*Herber E. Griffith,* special guardian for Laura Thorn, incompetent.

EVANS, S.   This is a motion to settle the issues in a will contest. The instrument. is lengthy and contains sixty paragraphs.   The contestants claim the legal right to attack the instrument in its entirety for alleged fraud and undue influence or to concentrate their attack upon certain paragraphs that solely concern one legatee. There appear to be few precedents for this procedure.

It is obvious that where the issues pertain to execution and publication of the instrument or to testamentary capacity of a testator the entire instrument is involved.   The contestants advance the theory that where the issues are fraud and undue influence a different rule should govern.   They argue that an instrument offered for probate as a will may contain numerous bequests to legatees that honestly reflect the desires of a testator.   On the other hand, it is argued that the same instrument may contain bequests that are the product of fraud and undue influence.   Where such a possibility exists it is manifestly unjust that innocent legatees should have their interests infected through no fault of their own.   Even under such circumstances it would seem that relief can be had only where it is possible to segregate the valid from the alleged invalid part.

Judge EARL in writing the prevailing opinion for the Court of Appeals stated: " A will procured by fraud and deception, * * * may be decreed void and set aside, and so a particular

portion of a will may be excluded from probate or held inoperative if induced by the fraud or undue influence of the person in whose favor it is." (*Riggs* v. *Palmer*, 115 N. Y. 506, at p. 512: citing *Harrison's Appeal*, 48 Conn. 202.)

Surrogate KETCHAM announced this rule: " Reason and authority compel the conclusion that parts of a will may be admitted to probate, while another part is denied probate on the ground of either fraud or undue influence." (*Matter of Maguire*, 105 Misc. 433.)

These cases, I think, are authority for the conclusion that the contestants may direct their attack for alleged fraud and undue influence against specific paragraphs of the instrument now under consideration. These paragraphs are numbered forty-fifth, fifty-fourth, fifty-seventh and concern the same legatee and no other person.

In view of a suggestion that the entire instrument may be the subject of attack for alleged fraud and undue influence and at the same time raise the same issue as to certain parts, I think that the contestants should elect which course to pursue.

The orderly procedure of a trial requires that issues shall be definite and concrete. The proponents are entitled to know in advance of trial just what proof they are to meet in order to preserve clearness and avoid confusion.

Proceed accordingly.