**Jay GARRETT and F.G. Garrett, Plaintiffs-Appellants,**

**v.**

**Sylvia L. MOWRY, et al., Defendants-Respondents.**

**No. 12787.**

Missouri Court of Appeals, Southern District, Division One.

May 13, 1983.

John S. Pratt, Pratt & Fossard, Springfield, for plaintiffs-appellants.

Loren R. Honecker, Sherwood, Honecker & Bender, Springfield, for defendants-respondents.

TITUS, Judge.

Plaintiffs on May 11, 1979, filed their petition in the Circuit Court of Greene County to contest the will of Edith I. Willard, deceased. After a hearing held May 4, 1982, the court determined that service on all the defendants named in the action was not had in compliance with § 473.083.6, V.A.M.S.[1] and dismissed the plaintiffs' petition. Plaintiffs appealed.

The original petition filed May 11, 1979, named as defendants only some of the beneficiaries. However, on August 17, 1979, or some 98 days after the original petition was filed, plaintiffs filed their first amended petition adding the previously omitted beneficiaries as parties defendants.

The original and amended petitions filed by plaintiffs alleged that they were brothers "and as such are heirs at law" of the decedent. Both pleadings allege Mrs. Willard's will was "procured by the undue influence of Defendant Sylvia L. Mowry," a sister of decedent, and was made and executed at a time when Mrs. Willard "was of unsound mind," etc.

The statement of facts, points relied on and argument in plaintiffs' brief on appeal repeatedly and mistakenly assume that the only beneficiary named who had not been served with process when the court dismissed the action was defendant David Smith.

The initial defect in plaintiffs' first point relied on, as previously observed, is the erroneous assumption that David Smith was the only defendant not timely served with process. A reading of both petitions filed by plaintiffs reveal that Irene Willard Frame and Amada Willard Moore were

---

1. Sec. 473.083.6: "In any such action the petitioner shall proceed diligently to secure and complete service of process as provided by law on all parties defendant. If service of process is not secured and completed upon all parties defendant within ninety days after the petition is filed, the petition, on motion of any defendant duly served upon the petitioner or his attorney of record, in the absence of a showing by the petitioner of good cause for failure to secure and complete service, shall be dismissed at the cost of the petitioner."

named as defendants. There is nothing in the file to show that either Frame or Moore were ever served with process. In answering plaintiffs' interrogatories propounded October 12, 1979, or 154 days after plaintiffs' initial petition was filed, defendant Sylvia L. Mowry indicated that Amada Willard Moore was "Deceased." If this be true, the fact still remains that Irene Willard Frame was another necessary party that was not served with process in accordance with § 473.083.6.

■ Next we consider plaintiffs' claim that David Smith was not a necessary party. This is a fallacious assertion which wholly ignores the prayer in both petitions wherein plaintiffs sought a declaration that the last will and testament be declared null and void and of no effect. Plaintiffs' efforts, as evidenced by their pleading and contrary to the first point relied on, were aimed at the complete annihilation of the will and which, if successful, would surely affect David Smith adversely. Under § 473.083.6 it was incumbent upon plaintiffs to obtain service on all necessary defendants named in the suit within 90 days or show good cause for such failure. Plaintiffs did neither. Therefore, as the trial court, at the time it dismissed plaintiffs' petition, no longer had jurisdiction over the subject matter of the suit, its dismissal of the will contest was proper. *Winkler v. Winkler,* 634 S.W.2d 217, 220[2] (Mo.App. 1982); *Knipmeyer v. McQuie,* 600 S.W.2d 86, 87 (Mo.App.1980); and cases therein cited.

■ Finally as regards plaintiffs' first point, it is evident that while plaintiffs were in the circuit court they regarded and represented all of the defendants named in their petition, including David Smith, to be necessary parties to the action contesting the validity of the will. It is axiomatic that on appeal plaintiffs may not successfully contend for the first time that those claimed to be necessary parties in the circuit court were not actually necessary parties, because, on appeal, parties are bound to the posture assumed in the trial court and will not be heard on a different theory

in the court of appeals. *In re Marriage of Kinnick,* 621 S.W.2d 104, 106[4] (Mo.App. 1981).

Plaintiffs' second point relied on is to the effect that the court nisi erred in dismissing their action on May 4, 1982 (three years after the first petition was filed and two years and nine months after the amended petition was filed) because, as required by § 473.083.6, they had shown good cause for their failure to secure and complete service within the 90 days designated in the law. Plaintiffs say "there were [was] a large number of defendants, some of whom resided outside the state" and no other party knew the whereabouts of defendant David Smith. Again we note that plaintiffs mistakenly assume that Smith represents the sole dereliction on their part. If it were to be assumed, which we do not, that the filing of the amended petition on August 17, 1979, accorded plaintiffs an additional 90 days under the law to secure and complete service on all parties defendant, this period would have expired November 15, 1979. However, at that time not only had no service been had on defendants David Smith and Irene Willard Frame, but no service had been obtained on defendants Linda Gravely, Steve Sheridan or Ruby Harmon. It was not until November 1980, or a year after the 90 day period expired on the amended petition, that plaintiffs undertook to secure service on defendant David Smith by publication. No satisfactory explanation was made to either the trial court or this court why utilization of this procedure could not have been made within the period set by law.

■ The right to contest a will does not exist independently of statutory authority and can be exercised only in strict accordance with and within the limits prescribed by statute. Proof of good cause for failure to serve necessary defendants consists of showing circumstances which prevent or impair service of process, and plaintiffs here had the burden of proof on showing good cause for the failure to secure and complete service of process within 90 days after their petition was filed. In the ab-

sence of showing good cause the circuit court had no jurisdiction after the 90-day period had lapsed and correctly dismissed plaintiffs' action. *State ex rel. O'Connell v. Crandall,* 562 S.W.2d 746, 750[9–12] (Mo. App.1978).

■ Plaintiffs' third and final point relied on is that the trial court erred in dismissing their petition because the motion to dismiss for failure to comply with § 473.-083.6 is "barred by the doctrine of laches in that [plaintiffs] completed service by publication on Defendant David Smith on December 10, 1980, but it was not until June 19, 1981 that [defendant] filed her Motion to Dismiss." Again plaintiffs ignore the fact no service was ever had on defendant Irene Willard Frame. But irrespective of the oversight, the fallacy of plaintiffs' point is easily answered by reference to *Foster v. Foster,* 565 S.W.2d 193, 195[6] (Mo.App. 1978). There the court stated in a will contest action: "Plaintiff also contends that defendants are guilty of laches since the defendants filed the Motion to Dismiss over two years after initiation of the suit. As noted earlier, the purpose of obtaining service of process within the prescribed statutory period is to give the trial court jurisdiction over the subject matter of the will contest suit.... Jurisdictional defects may be raised at any time.... Thus, laches cannot constitute a defense when defendant raises such a jurisdictional defect." (citations omitted).

Judgment affirmed.

FLANIGAN, P.J., GREENE, C.J., and CROW, J., concur.