E. Townsend BURKE, Thomas M. Hess, and Paul S. Burke, Plaintiffs–Appellants,

v.

Kent D. KEHR, Personal Representative of the Estate of Margery C. Bussen, et al., Defendants–Respondents.

No. 60286.

Missouri Court of Appeals, Eastern District, Division Three.

March 18, 1992.

John L. Sullivan, Dianne S. Johnson, St. Louis, for plaintiffs-appellants.

Timothy Hayes, St. Louis, Terrence Rottler, St. Genevieve, Edward M. Goldenhersch, Lawrence S. Denk, St. Louis, for defendants-respondents.

PUDLOWSKI, Presiding Judge.

This appeal stems from the order of the Circuit Court of St. Francois County, Missouri, dismissing the petition contesting the will in part (petition) filed by F. Townsend Burke, Thomas M. Hess, Paul S. Burke (appellants), granting respondents Jesuit Seminary Aid Association, Mariannhill Fathers, St. Mary's Seminary, Ste. Genevieve Parish, Norbertine Fathers, Missionhurst, The Roman Catholic Archdiocese of St. Louis, Passionist Missionaries, and Missionary Sisters of St. Peter Claver's (collectively referred to as respondent Catholic Charities) motion to dismiss for lack of subject matter jurisdiction because of failure to name and join all necessary parties to the will contest action pursuant to § 473.083(6) RSMo 1986.

Margery C. Bussen, a resident of Ste. Genevieve County, died on February 14, 1990. On February 22, 1990, the Probate Division of the Circuit Court of Ste. Genevieve County admitted decedent's will dat-

ed April 1, 1983, to probate in common form, appointing respondent Kent D. Kehr as the independent personal representative of the estate. First notice of publication of probate of decedent's will occurred on February 28, 1990.

On August 21, 1990, appellants, heirs at law of the decedent, filed their petition,[1] specifically contesting the validity and effect of Article VI of decedent's will, which, in pertinent part, provides:

**ARTICLE VI.** *Residue to Exempt Organizations.* I give, devise and bequeath all the rest, residue and remainder of the property which I own at the time of my death, both real and personal, and of every kind and description wherever the same may be situated, to my Personal Representative, hereinafter named in ARTICLE VII, solely for the purpose of distribution to such corporations, foundations or organizations operated exclusively for religious, charitable or educational purposes as he shall select, provided such contributions qualify for the charitable deduction provided for in Section 2055 of the 1954 Internal Revenue Code or corresponding provisions of subsequent Internal Revenue enactments. It is my wish that contributions be made to the following organizations, among others: ...

Article VI then lists twelve organizations to whom decedent desired contributions be made. Included in this list were respondent Catholic Charities and three additional organizations, namely: Ste. Genevieve Hospital, Sacred Heart League, and Servants of Mary.[2]

Appellants' petition contests the will on two grounds, namely that decedent was: (1) of unsound mind within the meaning of the law on the date of execution of her will containing the purported provision, i.e. Article VI; and (2) under the undue influence of her personal representative, Kent D. Kehr, with regard to the disposition of the residuary estate.

Appellants duly served process on all twelve of the residuary devisees listed in Article VI within the six month period required in a will contest action pursuant to §§ 473.083(3) and (6) RSMo 1986.[3] Appellants did not name or serve with process those parties receiving specific bequests under the will.

On February 20, 1991, respondent Catholic Charities filed a motion for summary judgment alleging *inter alia* that the circuit court lacked subject matter jurisdiction over the petition because appellants failed to join and serve as defendants all necessary parties to the action, in violation of §§ 473.083(3) and (6) RSMo 1990.

On March 13, 1991, respondent Kent D. Kehr filed his motion for summary judgment. Thereafter, on April 25, 1991, respondent Catholic Charities moved to dismiss appellants' petition pursuant to Rule 55.27(a)(1), stating that the circuit court lost subject matter jurisdiction over the will contest because appellants "had failed to serve (or failed to show good cause as to why they did not serve) as necessary parties, *all specific beneficiaries and legatees* within ninety (90) days of the date of filing the Petition to Contest Will as required by § 473.083(6) RSMo (1990)" (emphasis added). On April 26, 1991, the circuit court granted respondent Catholic Charities' motion. Thereafter, appellants filed their appeal.

On November 5, 1991, respondent Catholic Charities was granted leave to refile

---

1. Upon appellants' motion for a change of venue, the Ste. Genevieve Circuit Court transferred the case to the Circuit Court of St. Francois County, Missouri.

2. Sacred Heart League of Walls, Mississippi and Servants of Mary of Berwyn, Illinois were properly served but neither organization filed responsive pleadings with the circuit court nor have joined in this appeal. Attorney General William Webster, as named in appellants' peti-

tion, was also served but neither filed a responsive pleading nor joined in this appeal.

3. Ste. Genevieve Hospital entered its appearance on January 24, 1991, but did not join in respondent Catholic Charities' motion to dismiss and is not a party to this appeal.

All statutory references are to RSMo 1986 unless otherwise cited.

their supplemental legal file. The latter contains the will of Margery C. Bussen and a transcript of the proceedings before the circuit court based upon appellants' motion to strike respondent Catholic Charities' interrogatories. On November 8, 1991, appellants moved to strike part of respondent Catholic Charities supplemental legal file which was taken with the case. Pursuant to Missouri Rules of Civil Procedure, Rule 81.12(a), (b) and (e), appellants' motion is granted.

■ Appellants raise three issues on appeal. First: *Does § 473.081 permit probate of a portion of a will where another part of the will is contested on the ground of unsound mind of the testator on the date of execution?*

Section 473.081 RSMo 1986 provides as follows:

> Probate of portion of will.—When part of a will is not admissible to probate because of fraud, duress, undue influence, mistake, ignorance of the testator of its content, partial revocation, *or other cause,* the other parts of the will may be admitted to probate under sections 473.073 and 473.083.

(Emphasis added).

Prior to the enactment of the above section, the law in Missouri was that in a contest or a suit to establish a will, the sole issue to be determined is "whether or not the will in toto is valid or the will in its entirety is invalid." *McCarthy v. Fidelity Nat. Bank & Trust Co.,* 325 Mo. 727, 30 S.W.2d 19 (1930); Hanna & Borron, 5 *Missouri Practice,* § 287 (1988); *Mundwiller v. Mundwiller,* 822 S.W.2d 863, 865 (Mo. App.E.D.1991).

To alleviate the problem of the *McCarthy* rule, the Missouri Legislature promulgated § 473.081, aligning Missouri with several other jurisdictions permitting partial validity of wills. However, since January 1, 1981, the effective date of § 473.081, our courts have not addressed the question of whether contestants can allege "unsound mind" of the testator/testatrix as to void one provision of the will alone.

Respondents cite cases from other jurisdictions which have ruled that an allegation of unsound mind vitiates the entire testamentary disposition executed during such incapacity, such that a will cannot simultaneously be partly valid and partly invalid for want of testamentary capacity. *See In re Estate of Baker,* 176 Cal. 430, 168 P. 881 (1917); *Moore v. Jackson,* 247 Miss. 854, 157 So.2d 785 (1963); *In re Thorne's Estate,* 153 Misc. 28, 274 N.Y.S. 844 (1934). *See also* 64 A.L.R.3d *Partial Invalidity of Will,* § 19 pgs. 320–322 (1975).

Appellants have not cited a single case from another jurisdiction which permits partial invalidity of a will based upon unsound mind.[4] It is undeniable that a claim

---

4. *See* 95 C.J.S. *Wills,* § 319 pg. 144 in which it is stated:

> *As to testamentary capacity.* A part of a will cannot be rejected for want of testamentary capacity of the testator while another part is admitted to probate, unless it is shown by the evidence that the testator's mind, with respect to the subjects treated of, or the beneficiaries affected by, the part of the will rejected, was prejudiced or unbalanced.

The text quoted above cites to *Hildreth v. Hildreth,* 153 Ky. 597, 156 S.W. 144 (1913), 153 Ky. 597, 156 S.W. 144, where the court found it difficult to fathom how one part of the will could be rejected for want of testamentary capacity and another part, made at the same time and not more plainly expressed, be admitted to probate. *Id.,* 156 S.W. at 145. The court addressed questions pertaining to mental capacity of the testator to make a part of his will, and undue influence exercised over the mind and will of the testator with regard to that part of the instrument. *Id.*

The court indicated that a verdict of partial invalidity of a will by reason of lack of capacity might be supportable if evidence was furnished by the record to show that the testator's mind with regard to the subject matter of particular portions, had been prejudiced. *Id. See also* 64 A.L.R.3d *Partial Invalidity of Will,* § 23 pg. 326 (1975).

Subsequently, in *Irvine v. Greenway,* 220 Ky. 388, 295 S.W. 445 (1927), the court acquiesced with early Kentucky cases that it is difficult to understand how one part of the will could be invalidated for want of capacity while another part, made at the same time, could be admitted to probate. *Id.,* 295 S.W. at 450. The *Irvine* court expressed no indication as to whether it

of "unsound mind" attacks the testamentary capacity of the testator to make a will. In Missouri, if a person is not of sound mind and eighteen years of age, he cannot execute a legally valid will. (*See* § 474.310 which provides that: "Any person of sound mind, eighteen years of age or older may by last will devise his real or personal property ...."). In order to have testamentary capacity to execute a will, a testator must (1) be of sound mind; (2) understand the ordinary affairs of life; (3) know the nature and extent of his property; (4) know the persons who are the natural objects of his bounty; and (5) appreciate his natural obligations to those persons. *Smith v. Crites*, 781 S.W.2d 189, 193 (Mo.App.1989).

Paragraph seven [5] of appellants' petition alleges that the decedent was of unsound mind within the meaning of the law when she executed her will containing Article VI, the residuary clause.

Appellants contend that the term *"or other cause"* in § 473.081, permits an allegation of "unsound mind" as a ground for contesting a portion of the will, in addition to the other grounds specified in the said section. Respondent Catholic Charities claims that such an interpretation would conflict with § 474.310, which stands for the proposition that unsound mind or lack of testamentary capacity can only invalidate the entire will. Therefore, contend respondents, to include "lack of testamentary capacity" or "unsound mind" in the

phrase "or other cause" would vitiate the meaning of § 474.310.

Appellants argue that the right to contest a will being statutory in nature can be exercised only in strict compliance within the limits proscribed by statute. *Garrett v. Mowry*, 651 S.W.2d 696, 698 (Mo.App. 1983). The statutes which control the initiation of a partial will contest are §§ 473.-081 and 473.083, *and not § 474.310*, assert appellants (emphasis added). Appellants state that no conflict exists with § 474.310 when the language of § 473.081 is applied to the allegation of "unsound mind," contained in paragraph seven of their petition.

■ To ascertain the meaning of a statute, we must interpret the words according to their plain and ordinary meaning. *Thomas v. Labor and Indus. Com'n*, 678 S.W.2d 894, 896 (Mo.App.1984). Appellants, citing Random House Dictionary (1979 ed.), define the term "other" as "different from the one or ones mentioned or implied". Appellants then apply this definition to the explicit language of § 473.081 to advance the proposition that an allegation of "unsound mind" which is different from the other grounds specified in the said section, can be made to invalidate a portion of the decedent's will.

We consider appellants' arguments to be flawed. We believe that § 473.081 should be read in harmony with § 474.310, Missouri's enabling statute in matters of testa-

---

would support the qualification suggested by the *Hildreth* court. *Id.*

See also 64 A.L.R.3d *Partial Invalidity of Will*, § 21 pgs. 323–324 (1975) for cases possibly supporting the view that a will may be partially invalid by reason of lack of mental capacity.

**5.** Paragraph 7 provides: "That a part of the paper writing of April 1, 1983 is invalid, null and void and without force and effect and such provision is not part of the last will and testament of the decedent Margery C. Bussen in that *at the execution of said paper writing as to Article VI Margery C. Bussen was suffering from mental and physical illness* and was feeble in both mind and body and that the organic function of her brain was impaired, limited and partially destroyed *so that on the date of said execution of her will containing the purported*

*provision she had become of unsound mind within the meaning of the law* and was at the time of the purported execution of said writing as to Article VI of unsound mind and incapable of understanding the ordinary affairs of life and was unable to understand the nature and extent of her property with regard to such residuary disposition and was unable to know the persons who were the natural objects of her bounty with regard to the disposition of the residue of her estate and could not intelligently weigh and appreciate her natural obligations to those persons by reason of all of which said purported Article VI in the last will and testament of the said Margery C. Bussen is invalid, null and void and without force and effect." (emphasis added)

mentary disposition, to require a testator to be possessed of sound mind in executing the entire will. To construe the phrase *"or other cause"* to include a challenge on a testator's testamentary capacity would be inconsistent.

At oral argument, appellants' counsel urged us to consider situations where the court appoints a guardian to administer the property of mentally incompetent persons. Appellants argue that the case *sub judice* presents a situation where the decedent was incapable of dealing with her property because she was oblivious of the value of her residuary estate and could not appreciate its nature and extent. Therefore, application of the five factors, *supra*, required for testamentary capacity should be used to determine whether decedent lacked capacity with regard to Article VI of her will alone. We disagree with appellants' argument and decline to consider guardianship cases which are based upon other statutes not pertinent to the issues *sub judice*.

We have long adhered to the well established rule of *ejusdem generis* as a tool of statutory construction. "... [W]here general words follow a specific enumeration of persons or things, the general words should be limited to persons or things similar to those specifically enumerated." *Pollard v. Board of Police Com'rs,* 665 S.W.2d 333, 341 (Mo banc 1984) [citation omitted]; *Wilkinson v. Brune,* 682 S.W.2d 107, 111 (Mo.App.1984) ("In construing a statute, [courts] must give effect to the expressed intent of the legislature, [courts] must not add provisions under the guise of construction if they are not plainly written or necessarily implied.")

■ In addition, our courts recognize the *last antecedent rule* as an aid to statutory construction. *Rothschild v. State Tax Com'n of Missouri,* 762 S.W.2d 35, 37 (Mo. banc 1988). The rule provides: "relative and qualifying words, phrases, or clauses

are to be applied to the words or phrase immediately preceding and are not to be construed as extending to or including others more remote." *Id.* (Citation omitted).

In light of the principles of statutory construction stated above, we believe that the term *"or other cause"* listed in § 473.081 does not contemplate an allegation of "unsound mind" as a method of partial invalidity.[6] Such an interpretation would preclude a conflict with § 474.310 and support a construction that the legislature did not intend an absurd law. *Rothschild, supra,* at 37.

■ This leads us to the second issue: *Does appellants' petition state a cause of action to contest a will in part on the ground of undue influence under § 473.081?*

As a threshold matter it is indicated in 79 Am.Jur.2d *Wills,* § 424, (1975) pg. 574–575 that:

> The existence of testamentary capacity is assumed in contesting a will on the ground of undue influence. There would seem to be no reason, however, why, under modern pleading, undue influence and want of testamentary capacity may not be asserted in the same action as separate grounds for contesting a will.

In paragraph eight of appellants' petition, they allege that Article VI of decedent's will is null, void and ineffective in disposing of the residuary estate:

> ... in that at the time of the execution of the will, including said Article VI, and for a period of time prior thereto the said Margery C. Bussen was acting under the undue influence of the defendant Kent D. Kehr with regard to the disposition of the residue of her estate to such a degree that said paper writing as to Article VI represents the desires and wishes of the defendant Kent D. Kehr in granting him discretion in disposing of the residue of

---

**6.** The Committee Comment makes it clear that "[§ 473.081] is designed ... for determining the effect of partial invalidity upon portions of the will not induced by fraud, undue influence *or the like.*" Hanna & Borron, 5 *Missouri Practice,* § 287, n. 4 (1988) [emphasis added].

her estate *and does not represent the free choice of the decedent Margery C. Bussen but, in fact, represents the supplantation of the mind of Kent D. Kehr in the place of that of the decedent Margery C. Bussen with regard to the disposition of the residue of her estate.* (Emphasis added).

■ Section 473.081, *supra,* clearly states that "when a part of a will is not admissible to probate because of . . . undue influence . . . the other parts of the will may be admitted to probate under Sections 473.073 and 473.083." Undue influence means "that influence which, by force, coercion or over persuasion destroys the free agency of the grantor to act." *In re Estate of Hayes,* 658 S.W.2d 956, 958 (Mo. App.1983) [quoting *Davis v. Pitti,* 472 S.W.2d 382, 387[6] (Mo.1971); *Metter v. Janssen,* 498 S.W.2d 581, 583[2] (Mo.App. 1973)]. Under MAI 15.03 "undue influence" means the influence exercised over the testator as to destroy the free choice of the testator at the time of making the will. MAI 15.03 (1991, Fourth Edition).

Appellants' petition in paragraph eight satisfies the definition and language of MAI 15.03 and properly alleges undue influence as a ground for invalidating Article VI of decedent's will under § 473.081. *See* 79 Am.Jur.2d *Wills,* § 397 (1975) where the text indicates that:

> . . . the general rule is that parts of a will may be held valid notwithstanding that other parts are invalid on account of undue influence exercised upon the testator, provided that the parts so affected are separable so that the will remains intelligible in itself if the invalid parts are deleted upon probate. In other words, the valid portions of the will may stand and be admitted to probate, although other parts are denied probate, or are set aside, as obtained through undue influence, unless the provisions are so interdependent that the valid cannot be separated from the invalid without defeating the general intent of the testator.

*See also* 64 A.L.R.3d *Partial Invalidity of Will,* § 7[a] pgs. 287–291 (1975) for cases in which only the residuary clause of a will was shown or assumed to be procured by undue influence, and the court permitted the remainder of the will to stand.

■ Lastly, we address appellants' third issue: *Who are the necessary and indispensable parties in a will contest action where the contestants allege unsound mind or, in the alternative, undue influence?*

Concurrently with the adoption of § 473.-081, *supra,* § 473.083.3 was added.[7] Section 473.083.3 reads as follows:

> 3. It is *not necessary to join* as parties in a will contest *persons whose interests will not be affected adversely by the result thereof. . . .*

(emphasis added)

In *Zimmerman v. Preuss,* 725 S.W.2d 876 (Mo. banc 1987), our Supreme Court stated:

> . . . In our view, the test is whether an interested person stands to lose some benefit if the will contest ultimately succeeds, not whether there is a possible loss of a benefit or expectancy if the contest fails. Stated another way, the question is whether an interested person may lose some protected benefit "if the contestant wins." 725 S.W.2d at 877 (citation omitted).

It is true that one of the most vexed issues confronted by a will contestant is determining proper parties to the suit. Rector, *New Aspects In Will Contest Litigation,* 44 J. of Mo.B. 233 (June 1988). The problem occurs in selecting persons who must be named and served as defendants prior to the expiration of the statutory time limit. *Id.* at 234; *See,* § 473.-083(6) RSMo 1990, which provides, in pertinent part:

> 6. . . . If service of process is not secured and completed upon all parties de-

---

**7.** *See,* Hanna & Borron, 5 *Missouri Practice,* § 287 (1988).

fendant within ninety days after the petition is filed, the petition, on motion of any defendant duly served upon the petitioner or his attorney of record, in the absence of a showing by the petitioner of good cause for failure to secure and complete service, shall be dismissed at the cost of the petitioner.

Section 473.083 has not been regarded as a statute of limitations in the usual sense but as a special statute applicable solely to will contest actions. Hanna & Borron, 5 *Missouri Practice*, § 283 (1988). It is viewed as a statute conferring jurisdiction rather than as a statute of limitations. *Id.*

Missouri courts have uniformly construed § 473.083(6) to be jurisdictional and have held that failure of a will contestant to obtain service of process on all necessary parties within the parameters of § 473.083(6) deprives the trial court of jurisdiction over the subject matter of the will contest and mandates a dismissal of the action. *See Winkler v. Winkler*, 634 S.W.2d 217, 220 (Mo.App.1982); *Epperson v. Sheldon*, 729 S.W.2d 46, 49 (Mo.App. 1987); *Garrett v. Mowry*, 651 S.W.2d 696, 698 (Mo.App.1983).

Appellants, by virtue of paragraph seven of their petition, plead and place in issue decedent's testamentary capacity to execute her will in its entirety. Pursuant to § 473.083(3), *supra,* those persons receiving specific bequests under the will are necessary parties whose interests would be adversely affected upon a successful determination of the will contest action because the decedent was of unsound mind. *Zimmerman, supra,* at 876. Appellants failed to join and serve or show good cause as to why they did not join and serve with process, within the ninety day time period prescribed by § 473.083(6), *supra,* all the beneficiaries named in the will, including the specific legatees. As a result, the circuit court entered an order dismissing appellants' petition for lack of subject matter jurisdiction due to appellants' failure to comply with § 473.083(6). The circuit court, however, did not state the grounds for its determination and we must presume that its order was premised on the ground stated in respondent Catholic Charities' motion to dismiss. *Suburban Bus. Prod. v. T.E. Schmidt Co.,* 796 S.W.2d 77, 78 (Mo. App.1990). Respondents focus their attack primarily on paragraph seven of appellants' petition (i.e. "unsound mind" of the decedent on the date of execution of her will) and ignored the allegation of undue influence.

Inherent in the determination of subject matter jurisdiction is a determination of whether the complaint states an action over which the court has authority. *In re Marriage of Panich,* 672 S.W.2d 718, 720 (Mo. App.1984).

Had the appellants not alleged undue influence in the alternative, the trial court's order to dismiss would have been proper. However, as hereinbefore mentioned, the appellants have alleged undue influence upon the decedent by Mr. Kehr and prayed to contest the will in part. That part of the will to be contested, i.e. paragraph eight, does not affect the specific devisees and therefore they were not necessary parties to be served. As a result, the trial court did have jurisdiction. *See* Hanna & Borron, 5 *Missouri Practice*, § 287 (1984), "... where the (appellants) seek to invalidate a single bequest because it was procured by undue influence, it is not necessary to join all of the other devisees as parties." A judgment entered in a will contest action is not binding on those not made a party thereof. Section 473.083(3).

Therefore we reverse and remand for further proceedings consistent with this opinion.

STEPHAN and CRIST, JJ., concur.