F. Townsend BURKE, Thomas M. Hess and Paul S. Burke, Appellants,

v.

Kent D. KEHR, Personal Representative of the Estate of Margery C. Bussen; William L. Webster; Jesuit Seminary Aid Association; Mariannhill Fathers; Sacred Heart League; St. Mary's Seminary; Servants of Mary; Passionist Missionaries; Ste. Genevieve Parish; Norbetine Fathers; Roman Catholic Archdiocese of St. Louis; Missionhurst; Missionary Sisters of St. Peter Claver; and Ste. Genevieve Hospital, Respondents.

No. 63554.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 5, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 4, 1994.

Application to Transfer Denied June 21, 1994.

John L. Sullivan, Dianne S. Johnson, John L. Sullivan, P.C., St. Louis, for appellants.

Timothy E. Hayes, Coburn & Croft, St. Louis, for respondent Kehr.

Edward M. Goldenhersh, Greensfelder, Hemker & Gale, P.C., St. Louis, for respondent Catholic Charities.

Terry Rottler, Ste. Genevieve, for respondent Ste. Genevieve Memorial Hosp.

KAROHL, Judge.

Will contestants F. Townsend Burke, Paul S. Burke, and Thomas M. Hess appeal from a directed verdict in favor of will proponents Kent D. Kehr, decedent's attorney and named personal representative, and twelve designated charitable organizations collectively referred to as Catholic Charities. The contestants are the heirs at law of testatrix, Margery C. Bussen. Margery C. Bussen executed the will on April 1, 1983, and she died on February 14, 1990, a resident of Ste. Genevieve County, Missouri. A jury trial was held to determine whether Margery C. Bussen was under the undue influence of Kehr with respect to the residuary clause in

her will in which she left the residue and bulk of her estate to Kehr, as trustee of a charitable trust, to distribute to charitable organizations such as the Catholic Charities named in the will.

This is a second appeal regarding the dispute. *See, Burke v. Kehr*, 826 S.W.2d 855 (Mo.App.1992). In this appeal contestants argue the trial court erred in: (1) entering its finding that the proponents of the will had sustained their burden of formally proving due execution where they failed to offer the original will; (2) directing a verdict in favor of proponents at the close of all the evidence where contestants made a submissible case on the issue of undue influence; and, (3) excluding evidence of the existence and terms of an inter vivos trust of decedent because such evidence was relevant and material to the issue of the exercise of undue influence. We affirm.

Margery C. Bussen died on February 14, 1990. Her will dated April 1, 1983 was admitted to probate in common form in Ste. Genevieve County on February 22, 1990. Kehr was appointed as the independent personal representative. He was decedent's lawyer and her late husband's lawyer. He drafted and witnessed the will. First notice of publication of probate occurred on February 28, 1990. Contestants, as heirs at law, filed a two count petition on August 21, 1990, contesting the will, in part, on two grounds. They alleged: (1) decedent was of unsound mind at the time of the execution of the will as to Article VI; and, (2) she was under the undue influence of Kehr with regard to the execution of the will as to Article VI which reads as follows:

> ARTICLE VI. *Residue To Exempt Organizations.* I give, devise and bequeath all the rest, residue and remainder of the property which I own at the time of my death, both real and personal, and of every kind and description wherever the same may be situated, to my Personal Representative, hereinafter named in ARTICLE VII, solely for the purpose of distribution to such corporations, foundations or organizations operated exclusively for religious, charitable or educational purposes as he shall select, provided such contributions

qualify for the charitable deduction provided for in Section 2055 of the 1954 Internal Revenue Code or corresponding provisions of subsequent Internal Revenue enactments. It is my wish that contributions be made to the following organizations, among others … [names and addresses of the twelve Catholic Charities joined as defendants].

Proceedings prior to trial included a change of venue to the Circuit Court of St. Francois County, successful motions to dismiss filed by proponents based on the absence of necessary parties, and the previous appeal.

On March 18, 1992, we held the partial will contest was properly dismissed by the circuit court on proponents' motion on the allegation of unsound mind because contestants failed to join as parties specific devisees under the will whose interests would be extinguished if the testatrix were found to have been of unsound mind. *Burke v. Kehr*, 826 S.W.2d 855 (Mo.App.1992). We did not adopt contestants' argument that the testatrix could have been of unsound mind with respect to only one provision in the will. We found and ruled the trial court did not have jurisdiction to invalidate an entire will when necessary parties pursuant to § 473.083.6 RSMo Cum. Supp.1990 were not named and joined. *Id.* at 862. We did, however, reverse and remand for a trial on the issue of undue influence on the terms of the residuary clause. It is possible for a will to be partially invalidated based on undue influence, and the necessary parties were named and joined concerning the validity of Article VI of the will. *Id.* at 862.

A jury trial was held on December 15 and 16, 1992. Contestants' evidence consisted of the testimony of Kehr and F. Townsend Burke, copies of decedent's current and former wills, letters, notes, and other documentary evidence. Proponents did not offer any evidence except the document certified by the probate court of Ste. Genevieve County to be a certified copy of the will. They jointly moved for a directed verdict at the close of contestants' evidence, and the motion was granted.

■ Contestants, in their first point on appeal, argue the court erred in finding that

the proponents sustained their burden of proving due execution, attestation and the existence of testamentary capacity by permitting them to use a certified copy of the will and where the original will was never produced or proven. Prior to the enactment date of § 473.081 RSMo 1986, enacted in 1980, effective January 1, 1981, the filing of any will contest had the effect of vacating a judgment admitting the will to probate and leaving the paper writing unproven until established by judgment of the circuit court. *Fletcher v. Ringo,* 164 S.W.2d 904, 906 (Mo. 1942); *Hodges v. Hodges,* 692 S.W.2d 361, 365, n. 3 (Mo.App.1985). This section recognizes a suit for partial invalidity no longer operates to vacate the judgment admitting the will to probate. Proof of the will was not required because that was not an issue.

■ In *Hodges,* the issues were improper execution, lack of testamentary capacity, and undue influence in signing the will. If proven, one or all of these grounds would have required a determination that the testator died intestate. In *Fletcher v. Ringo,* the issues were testamentary incapacity—unsound mind—and overpowering undue influence. In a case contesting the validity of an entire will the proponents of a will have the burden of establishing a prima facie case of due execution. *Hodges,* 682 S.W.2d at 366. Such proof must be in solemn form. *Fletcher v. Henderson,* 333 Mo. 349, 62 S.W.2d 849, 851 (Mo.1933). When a will is proven in solemn form, "it is necessary that all parties interested be cited to witness the proceedings, that the will be produced in open court, that the witnesses be there examined, and that all parties in interest have the privilege of cross-examination." *State ex rel. Callahan v. Hess,* 348 Mo. 388, 153 S.W.2d 713, 717 (Mo.1941).

However, the trial of the present will contest involved only a claim of partial invalidity authorized by § 473.081. That section separates the provisions subject to contest from those not involved in the contest so that "the other parts of the will may be admitted to probate under Sections 473.073 & 473.083." Accordingly, in a *partial* will contest, the rule that the filing of a petition to contest a will has the effect of vacating a judgment admit-

ting a will to probate and leaving the paper writing unproven until established by judgment of the circuit court, followed in *Fletcher* and *Hodges,* no longer has application. The original judgment admitting the will to probate is not contested and the general validity of the will is not an issue.

■ We find that a partial will contest no longer has the effect of vacating the judgment which admitted the will to probate, nor does it interfere with the conduct of the probate of the will except on issues affected by the partial will contest. Further, on the present facts, there was no issue of fact in dispute regarding proof of the will. The contestants' petition for partial invalidity conceded general validity of the will except for the issue unresolved in *Burke I,* 826 S.W.2d 855. Accordingly, the court did not err in admitting a certified copy of the will for purposes of considering the partial will contest regarding only the residuary clause.

■ Contestants' second point on appeal disputes the trial court's finding that they failed to make a submissible case concerning Kehr's alleged undue influence on the decedent.

■ In order to make a submissible case in a will contest action and establish a presumption of undue influence, contestants must produce substantial evidence of three elements: (1) the existence of a confidential or fiduciary relationship; (2) the existence of a substantial benefit to the fiduciary; and, (3) activity by the fiduciary which resulted in procuring the execution of the will or portion of the will in question. *Salisbury v. Gardner,* 515 S.W.2d 881, 884 (Mo.App.1974). We review a judgment based on a directed verdict in the light most favorable to the plaintiffs/contestants and will uphold the directed verdict only if there is no evidence to support their case. *Douglas v. Hawkins,* 790 S.W.2d 485, 486–7 (Mo.App.1990). If contestants failed to produce evidence of one or more of the elements, they failed to make a submissible case.

■ Kehr testified he was the attorney who handled the majority of decedent's financial affairs after the death of her hus-

band, and he was the scrivener of the will and earlier wills and a trust on behalf of decedent. A confidential relationship did exist between Kehr and the decedent. He prepared the will. The first and third elements to establish a presumption of undue influence are not in dispute. However, there was no evidence on the existence of a substantial benefit to Kehr or that he influenced or procured the provisions of the residuary clause to have such benefit. The appointment of an individual as a personal representative or trustee does not bestow upon such appointee an economic benefit under the will. *Smith v. Crites,* 781 S.W.2d 189, 192 (Mo. App.1989). The only compensation Kehr is entitled to receive with respect to decedent's estate would be fees for services as permitted by statute. Such earned fees do not constitute the type of substantial economic benefit which gives rise to a presumption of undue influence. *Id.* at 192.

■ Compensation for services, if any, is for value earned and received. It is not a gift, devise or bequest. Furthermore, § 473.787(2) RSMo 1986 requires a personal representative to proceed expeditiously with the settlement and distribution of the estate. We therefore reject contestants' argument that the trustee of a charitable trust, one that theoretically could last in perpetuity, should be treated differently than a trustee of a non-charitable trust, which will terminate at a designated time, when determining whether a fiduciary derives a substantial benefit. The potential longevity of the trust is not a basis to make a distinction. A non-charitable trust can be structured to last beyond the lifetime of a trustee.

■ Contestants also speculate in their brief as to *potential* benefits to be derived by Kehr in connection with his role of discretionary distribution of the charitable trust assets. There is no evidence to support a calculation of an actual substantial benefit which Kehr, as trustee, may earn in his role as personal representative of decedent's estate and trustee of the charitable trust. Unknown and unidentified benefits are not substantial. In the absence of evidence, the claim of error is speculative and the request

to specially define "benefit" for a charitable trust fiduciary is unnecessary.

■ Contestants' third and final point is that the circuit court erred in excluding evidence of the existence and content of the inter vivos trust of decedent dated December 20, 1979. They argue the terms of the trust are relevant on the issue of the exercise of undue influence by Kehr in procuring the execution of the residuary clause because it demonstrates the legal complexity of decedent's estate plan. Contestants somehow conclude this is probative on the issue of special economic benefit obtained through the exercise of undue influence. As in the previous point, contestants do not suggest how the receipt of fees for services rendered in connection with performance of trust responsibilities amounts to a substantial economic benefit. Even if exclusion of the evidence regarding the trust amounted to error, there is no evidence to support finding prejudice to contestants.

We affirm.

CRANE, P.J., and CRAHAN, J., concur.